(No. 23361.—)

N. P. SEVERIN *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ARTHUR STROM, Defendant in Error.)

*Opinion filed April 24, 1936.*

OLSON & OLSON, (RAYMOND OLSON, of counsel,) for plaintiffs in error.

HOMER V. JOHANNSEN, for defendant in error.

Mr. JUSTICE ORR delivered the opinion of the court:

Arthur Strom suffered a fractured ankle in a fall from a scaffold while working on a garage at a summer home in Berrien county, Michigan. His claim for compensation resulted in an award of approximately $1000 by the arbitrator and the Industrial Commission of Illinois and was confirmed by the circuit court of Cook county. The extent of his injuries and the amount of the award are not in dispute. We granted leave to review the case by writ

of error, the sole issue being whether the Industrial Commission of this State had jurisdiction.

Two Chicagoans, N. P. Severin and Edwin A. Olson, as tenants in common, own a country place in Michigan with adjoining summer homes, and a barn which has been remodeled into a garage. Strom had been a carpenter in Chicago for many years. In May, 1933, John P. Severin, a contractor and a brother of N. P. Severin, went to Strom's home in Chicago and asked him to go to Berrien county, Michigan, to build a dining-room for a man named Swanson. This job had no connection with the employment under which Strom was injured. Strom consented to go, and testified that in this same conversation John P. Severin told him they probably would also have some work on a garage, but did not mention whose garage it was. John P. Severin testified that on this occasion he told Strom they would probably have some work on a garage in Berrien county belonging to Richard W. Wolfe. Strom arrived in Michigan in the latter part of May and worked about two weeks on the Swanson house after his arrival. During the first week in June, 1933, N. P. Severin went to his country home in Berrien county and saw Strom and John P. Severin working on the Swanson house. Up to that time he said he had not discussed his garage repair with his brother or anyone else. He had never previously had any deals with Strom and did not recall that on this visit he had any conversation with him. He testified that on this occasion, June 6, he asked his brother, John P. Severin, to come with him to his garage to figure the amount of lumber necessary to remodel it. A few days later, on June 16, 1933, while this repair work was under way, Strom was injured.

The contractor, John P. Severin, testified that the first conversation he had with reference to the garage work was on June 6, 1933, when N. P. Severin came to the Swanson house and asked him to remodel his garage. Olson, the

other tenant in common, had no business relations or conversation with either the contractor or Strom.

The foregoing is, in substance, all the pertinent evidence in the record relating to the time and place of Strom's employment. It indicates that the contract of employment and the injuries both occurred outside of the State of Illinois. Strom testified that no specific garage was mentioned in May, 1933, when he talked to the contractor at his (Strom's) home in Chicago. On the other hand, the contractor testified that he told Strom in that same conversation that they might have some work to do on a garage belonging to Richard W. Wolfe. One of the owners, N. P. Severin, testified that he had no conversation with any person concerning the alteration of the garage until he reached his Michigan summer home in the first week of June, shortly before the accident. According to Strom's own testimony there was no certainty of any work on a garage in Michigan in the one conversation he had in Illinois concerning the subject and no agreement as to wages. The Workmen's Compensation act does not cover injuries sustained outside of Illinois where the contract of employment is entered into outside of this State. (Cahill's Stat. 1933, chap. 48, p. 1379, sec. 5, sub-sec. 2; Smith's Stat. 1933, chap. 48, p. 1416, sec. 5, sub-sec. 2.) We have repeatedly held that the Industrial Commission had no jurisdiction in cases where the injuries were sustained outside of the State unless the proof showed a contract of employment in Illinois. (*Beall Bros. Supply Co.* v. *Industrial Com.* 341 Ill. 193; *Johnston* v. *Industrial Com.* 352 id. 74; *Kennedy-Van Saun Corp.* v. *Industrial Com.* 355 id. 519; *Cole* v. *Industrial Com.* 353 id. 415.) These cases are decisive of the question before us.

The judgment is reversed. *Judgment reversed.*