(No. 35737.—

GERALD WAYNE ARNOLD, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(BAGGETT TRANSPORTATION Co., Defendant in Error.

*Opinion filed Dec. 1, 1960.—Rehearing denied Jan. 18, 1961.*

STRUBINGER, BURKE & KELLER, of Belleville, and WIL-
LIAM M. DOTY, and CLARENCE W. IDARIUS, both of Chicago,
(GERALD M. CHAPMAN, of counsel,) for plaintiff in error.

ARMAND CHIAPPORI, SIDNEY Z. KARASIK, and GEORGE
W. ANGERSTEIN, all of Chicago, for defendant in error.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

Gerald Wayne Arnold, a resident of Alabama, sustained
an accidental injury at a railroad crossing in Illinois while
driving a truck for his employer, the Baggett Transporta-
tion Company. He made application for compensation with
the Industrial Commission of Illinois. The employer filed
a verified motion to dismiss, from which it appears that
its place of business is in Alabama and that no employment
contract was entered into in Illinois. The commission dis-
missed the application for want of jurisdiction, and the
decision was affirmed on review in the circuit court of Cook
County. This court has allowed a writ of error.

For the purpose of this review it is undisputed that
Arnold's injuries arose out of and in the course of his em-
ployment; that his employer is engaged in the business of
general transportation by truck; and that such is a type of
business which falls within the automatic coverage pro-
visions of the Workmen's Compensation Act. (Ill. Rev.

Stat. 1957, chap. 48, par. 138.3.) The sole issue is whether an injury incurred in Illinois is compensable under the act where the parties are nonresidents of this State, the employer's place of business is located outside this State, and no contract of employment was made here.

A similar question was considered by this court in *Cole* v. *Industrial Com.*, 353 Ill. 415, where proceedings were brought under the Workmen's Compensation Act for death resulting from injuries incurred in this State. The parties resided in Indiana, the business was located there, and the employment contract was made there. It was stipulated the parties were subject to the Indiana Workmen's Compensation Act, which by its terms applied whether the injury or death occurred either within or outside of Indiana, and which provided that the rights and remedies thereunder should exclude all other rights and remedies on account of such injury or death. This court held that the exclusive-remedy provisions of the Indiana Act must be given full faith and credit, and that no remedy was available under the Illinois act.

In *Biddy* v. *Blue Bird Air Service,* 374 Ill. 506, a resident of Michigan, employed by a Michigan corporation, was killed in an airplane crash in Illinois while in the course of his work. A wrongful death action was brought against the owners of the airplane, who had been engaged by the Michigan employer. One of the defenses interposed was that the decedent and his employer were under the Workmen's Compensation Act of this State, and that by virtue of section 29 of that act the right of action passed to the employer. In deciding this defense was properly stricken we held that since the contract of employment was entered into in Michigan, and both the employee and his employer were bound by the Michigan Workmen's Compensation Act, they were not subject to the Workmen's Compensation Act of Illinois.

In the case at bar the record fails to disclose whether the parties are covered by a workmen's compensation statute of Alabama or some other foreign State, and the applicability of the Illinois act must be determined by ascertaining the legislative intent. The Workmen's Compensation Act does not in specific terms purport to cover or to exclude foreign employers and employees under the circumstances shown in this case. Its title, insofar as is relevant, reads as follows: "AN ACT to promote the general welfare of the people of this State by providing compensation for accidental injuries or death suffered in the course of employment within this State, and without this State where the contract of employment is made within this State." The term "employee" as used in the act is defined as "Every person in the service of another under any contract of hire, * * * including persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, * * *." (Ill. Rev. Stat. 1957, chap. 48, par. 138.1.) An employer includes "Every person, firm, public or private corporation, * * * who has any person in service or under any contract for hire, * * * and who is engaged in any of the enterprises or businesses enumerated in Section 3 of this Act, * * *." Ill. Rev. Stat. 1957, chap. 48, par. 138.1.

The nature of the businesses listed in section 3, which include the construction of buildings, the operation of warehouses, mining, etc., and the requirements of section 19(b), which provide for inspection of records and premises, indicate that the concern of the act is with enterprises conducted within this State. As this court observed in *Union Bridge and Construction Co.* v. *Industrial Com.*, 287 Ill. 396, where the act prior to its amendment was construed as not applying to injuries occurring outside of Illinois: "The provisions for a personal inspection by the arbitrator or committee of arbitration of the premises relating to the

question in dispute was intended to furnish evidence concerning the rights of the parties and could not have been intended to apply to premises beyond the boundaries of the State without an express provision to that effect."

That the act was not intended to cover nonresident employees of foreign employers (unless the contract of employment is made here) is also indicated by the nature of the remedy itself. The liability of the employer under workmen's compensation acts is not a tort liability but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. (See *Alaska Packers Ass'n* v. *Industrial Accident Com.,* 294 U.S. 532, 541, 79 L.ed. 1044; *Keller* v. *Industrial Com.,* 350 Ill. 390, 397.) Such legislation is designed to afford employees and their dependents a measure of financial protection, and is sustained under the police power as a regulation of the master-servant relationship. (See *Grasse* v. *Dealer's Transport Co.,* 412 Ill. 179, 190-191.) It is evident, therefore, that in determining whether the act applies, the presence of some connection between Illinois and the employment relationship, rather than the mere situs of the injury, is the significant factor. *Kennedy-VanSaun Manufacturing and Engineering Corp.* v. *Industrial Com.,* 355 Ill. 519, (by implication).

It has been stated that "generally speaking, the legitimate interest of the sovereign in providing adequate workmen's compensation does not turn on the fortuitous circumstance of the place of work or injury; nor does it vary with the amount or percentage of work performed within its geographical limits. Rather, it depends on some substantial connection between the state, district, or territory and the particular employer-employee relationship." 99 C.J.S. 143-144, Workmen's Compensation, sec. 22.

In *Bradford Electric Light Co.* v. *Clapper,* 286 U.S. 145, 76 L.ed. 1026, the contract of employment was made

in Vermont, where both employer and employee resided; and the employee at the time of his injury was working in New Hampshire. An action was brought in New Hampshire for damages under the Employers' Liability and Workmen's Compensation Act of that State. In holding that the rights of the parties were to be determined under the Vermont Compensation Act, the Supreme Court pointed out that "Workmen's compensation acts are treated, almost universally, as creating a statutory relation between the parties—not, like employer's liability acts, as substituting a statutory tort for a common law tort. [Citations.] The relation between Leon Clapper and the Company was created by the law of Vermont; and as long as that relation persisted its incidents were properly subject to regulation there. For both Clapper and the Company were at all times residents of Vermont; the Company's principal place of business was located there; the contract of employment was made there; and the employee's duties required him to go into New Hampshire only for temporary and specific purposes, in response to orders given him at the Vermont office." The court further observed that the purpose of workmen's compensation laws of Vermont and most other States, "is to provide, *in respect to persons residing and businesses located in the State,* not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinate." (Emphasis supplied.)

In the case at bar the proceedings concern only the rights and obligations of Alabama residents, incident to a relationship of employer and employee which presumably was created there. Insofar as the meager record in this case discloses, Arnold's presence in this State was merely transitory. He was not continuously employed here, nor does anything else appear which would give Illinois an interest in this employment relationship or the incidents thereof. We conclude that our Workmen's Compensation

Act does not apply, and that the Industrial Commission correctly determined that it had no jurisdiction in the matter.

Plaintiff in error contends that the act as so construed denies him equal protection of the laws, in violation of the fourteenth amendment to the constitution of the United States, because, as he says, a nonresident is denied benefits under circumstances where a resident would be entitled to them. There is no merit in the contention. The constitutional guaranty of equal protection of the laws is designed to prohibit only discriminations that are arbitrary. It does not prevent a State from adjusting its legislation to differences in situation, so long as the classification is based on a difference having a rational relation to the subject of the particular legislation. (*People ex rel. Heydenreich* v. *Lyons,* 374 Ill. 557; *People ex rel. Rusch* v. *Ladwig,* 365 Ill. 574.) The Workmen's Compensation Act is designed "to promote the general welfare of the people of this State," and a requirement that the employment relationships to be covered thereby have a substantial connection with this State obviously bears a rational relation to the subject of the act.

The judgment of the circuit court of Cook County was correct and it is therefore affirmed.

*Judgment affirmed.*