(No. 39850.—)

ALLIS-CHALMERS MANUFACTURING COMPANY, Appellant, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(GERALD WARDEN, Appellee.)

*Opinion filed September 23, 1966.*

EARL S. HODGES, of Springfield, (SAMUEL C. PATTON, of counsel,) for appellant.

FRANK S. CALANDRINO, of Springfield, for appellee.

Mr. JUSTICE SOLFISBURG delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of Cass County which affirmed a decision of the Industrial Commission awarding workmen's compensation benefits to claimant, Gerald Warden, for injuries sustained while employed as a machine operator at an Allis-Chalmers plant.

An arbitrator awarded claimant compensation for temporary total disability for 9% weeks; for medical, surgical and hospital expenses; and 20 weeks compensation for permanent and complete loss of use of the right leg to the extent of 10%. The commission, however, increased the award with reference to the permanent disability of the right leg and gave claimant an award for 60 weeks, finding that the accidental injuries caused a complete and permanent loss of 30% of the use of the right leg.

It is the contention of the employer that there is no evidence of claimant's disability because of a permanent and complete loss of any percentage use of the right leg; that claimant failed to maintain the burden of proof required of him as a matter of law; that there is no competent evidence of disability; and that the award is contrary to the manifest weight of the evidence. The respondent also argues that the evidence presented to a commissioner on review in an *ex parte* hearing, outside the presence of counsel for respondent and claimant, has no probative value and will not sustain an award.

Claimant testified that on April 6, 1964, he was running a machine at respondent's plant and that when he was bent over tightening the bolts in a machine he felt a pain in his back and down his right leg. He reported the incident to the foreman and continued working for several hours until the foreman sent him to the nurse. The next day the employer referred him to Dr. Hyde in Beardstown, who confined him to a hospital where he remained in traction for six days and received shots. Thereafter Dr. Hyde referred him to a Dr. Wacaser, a specialist in Springfield, who examined him and performed a myelogram. The diagnosis was that the claimant had a herniated disc. On April 28, 1964, Dr. Wacaser removed the extruded disc at the L4-L5 lumbar area. Claimant recuperated and was discharged from the hospital on May 1, 1964, at which time he was doing quite well.

Claimant also introduced Dr. Wacaser's report to Dr. Hyde relating to a post-operative check-up on May 28, 1964. The pertinent part of that report is as follows:

"The pain in the back and right leg which he had previously has continued to be absent. There are no residual neurological signs at the present time. If he continues to get along without any trouble, he should be able to return to work about the 15th of June and I have advised him of this. I hope that he continues to get along satisfactorily."

Claimant went back to work on June 14 and earned the same wages as before. Testifying before the arbitrator, claimant stated that he had no problems with his legs, and that he did not notice or see any difference in his right or left legs, and that he has the movement of his legs but does not run. Before the commission claimant stated that he had noticed pain in the right foot and ankle and a pain sensation in the right foot and this was present "some" since the last hearing. He further stated that he has worked at a different job since the last hearing; that that job was lighter work and that he makes more money now than he did prior to the accident. He also stated that he worked regularly though he had missed some days since the last hearing, but he had not been treated by any other doctors.

Immediately after the close of the hearing before the commission it appears from the record that the commissioner interrogated the claimant in the hall outside the hearing room. At that time the commissioner examined the claimant, had him raise his legs one at a time, and asked him if this bothered him. Claimant's response was that it bothered him in his back. He also indicated the thigh region. The commissioner also told him to stand against the wall, put his heel against the wall and try and get his right leg up. At that point the commissioner asked him, "Now what pains when you do that?" Claimant said it hurts "here", but the record does not indicate what part of his body he was referring to. He was also asked if he could squat like

a baseball catcher and if he noticed any pain in either thigh, to which question he said, "Yes." He said that he wore no corset or brace of any kind. The record does not reveal who was present when this examination was made aside from the commissioner and the claimant.

In the case of *Arbuckle* v. *Industrial Com.* 32 Ill.2d 581, 585-6, where an employee had suffered a back injury while at work, we reversed where the award was made for permanent partial loss of the use of the right leg because medical evidence did not show such permanent disability and the only evidence of permanent injury related to the employee's subjective complaints of pain. In that case we said:

"To recover benefits under the Workmen's Compensation Act, a claimant has the burden of proving all elements of his case, including extent and permanency of injury, by a preponderance or greater weight of the evidence, and an award that is not supported by substantial evidence must be set aside. (*Canhan Sheet Metal Corp.* v. *Industrial Com.* 31 Ill.2d 325; *American Brake Shoe Co.* v. *Industrial Com.* 20 Ill.2d 132.) It is well established that liability cannot rest upon imagination, speculation or conjecture, but must arise out of facts established by a preponderance of the evidence, (*Mirific Products Co.* v. *Industrial Com.* 356 Ill. 645,) and further, that although a claimant's testimony standing alone may be sufficient to allow an award, an award is not justified if all of the facts and circumstances in the record preponderate in favor of the opposite conclusion. (*Bernard* v. *Iudustrial Com.* 25 Ill.2d 254.) And while it is primarily within the province of the Commission to determine questions of fact, such as those herein involved, (*Electro-Motive Division, General Motors Corp.* v. *Industrial Com.* 411 Ill. 224,) it is nevertheless the duty of a reviewing court to weigh the evidence, and if the Commission's decision is against the manifest weight of the evidence, it must be set aside. (*United States Steel Corp.*

v. *Industrial Com.* 8 Ill.2d 407; *Corn Products Refining Co.* v. *Industrial Com.* 6 Ill.2d 439.) Applying these principles to the evidence in the record at hand, it is our opinion that the decision of the Commission was erroneous in this case."

We are of the opinion that the claimant failed to sustain the burden of proving permanent injury to his right leg and that the arbitrator's finding of a 10% complete and permanent loss is against the manifest weight of the evidence, and that the commission's finding of a 30% complete permanent loss also is against the manifest weight of the evidence. The only medical evidence in the record is contained in Dr. Wacaser's medical reports, none of which even remotely suggests any permanent loss of use of the right leg. In fact, no doctor expressed an opinion that the injury was permanent. The only evidence in the record of pain after the operation, other than in the back, is claimant's testimony on review that he had pain in his right ankle and right foot "some" since the date of the hearing before the arbitrator.

The examination made by the commissioner in the hall after the conclusion of the hearing concerns claimant's legs, but little can be determined from the record as to what the commissioner actually observed, and the commissioner made no findings relating to such observation that could be subject to review. We have no testimony as to limitation of motion or use of the right leg or atrophy of the muscles and no opinion by anyone as to the permanency of the injury.

It is therefore our conclusion that the finding of permanent and complete loss of use of the right leg to the extent of 30% rests upon speculation and conjecture rather than substantial evidence. *Arbuckle* v. *Industrial Com.* 32 Ill.2d 581.

As to the contention that the decision should be set aside because of the examination made by the commissioner in the hall outside the hearing room after the conclusion of the hearing, it does not appear that this issue was raised in the

circuit court on review, and we therefore will not consider it in this court. (*Shell Oil Co.* v. *Industrial Com.* 2 Ill.2d 590.) We have considered the examination by the commissioner for what it might be worth in arriving at our decision.

That part of the judgment of the circuit court affirming the award for permanent disability to the right leg in the amount of 30% is set aside, but the remainder of the judgment pertaining to temporary total disability and medical and hospital expenses is affirmed.

*Affirmed in part and reversed in part.*