(No. 45720.

FRED MORRIS, Appellant, v. THE INDUSTRIAL COM-
MISSION *et al.*—(Watson and Flagg Electric Company,
Appellee.)

*Opinion filed November 30, 1973.*

WARREN E. DANZ, of Peoria, for appellant.

HEYL, ROYSTER, VOELKER & ALLEN, of Spring-
field (GARY M. PEPLOW, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of
the court:

The Illinois Workmen's Compensation Act applies to
"[e]very person in the service of another under any
contract of hire, express or implied, oral or written,
including persons whose employment is outside of the

State of Illinois where the contract of hire is made within the State of Illinois ***." (Ill. Rev. Stat. 1969, ch. 48, par. 138.1(b)2.) The claimant, Fred Morris, was injured in 1970 while working in Indiana for the respondent, Watson and Flagg Electric Company. The only issue in this case is whether the contract of hire was made in Illinois or Indiana.

The claimant, a resident of Illinois, went to the office of his union in Danville, Illinois, to find employment. The business agent testified that he gave the claimant a referral slip to the respondent "as a letter of introduction for employment." The claimant traveled to the job site in Indiana at his own expense. There he met the respondent's supervisor, who testified that he personally evaluated the claimant, as he did all prospective employees, gave him employment forms to fill out, and then he was assigned to "direct supervision" and "they *** put him on the job." Shortly thereafter the claimant fell from a scaffold at the job site and was injured.

An arbitrator for the Industrial Commission found that the contract of hire was not made in Illinois. The Commission heard additional evidence and affirmed, and the circuit court of Vermilion County confirmed the ruling of the Commission. The claimant has appealed.

In *Severin v. Industrial Com. (1936), 363 Ill. 217, 219,* this court stated: "We have repeatedly held that the Industrial Commission had no jurisdiction in cases where the injuries were sustained outside of the State unless the proof showed a contract of employment in Illinois." In this case both the arbitrator and the Commission held that the claimant had failed to prove that the contract was made in Illinois. The claimant asserts that the union business agent was also an agent of the employer, and that the claimant accepted the employer's offer of employment in Illinois by agreeing to travel to the job site in Indiana. The difficulty with these assertions is that they are not supported by the testimony of the business agent of the

union or the employer's supervisor. That testimony points to the conclusion that the contract of employment was not entered into until the claimant was put to work by the employer's supervisor in Indiana. The relevant contract documents between the union and the employer, which might have clarified the situation, were not offered by the claimant, either before the arbitrator or before the Commission.

The judgment of the circuit court is therefore affirmed.

*Judgment affirmed.*