(No. 46213.-

THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Marie Pope, Appellee.)

*Opinion filed September 27, 1974.*

Michael J. Murray, of Chicago (James E. Riley, John J. Dillon and John L. Wren, of counsel), for appellant.

McCabe & Venit, and William J. Harte, Ltd., both of Chicago (William J. Harte, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

Marie Pope (claimant), a school teacher, suffered accidental injuries on February 3, 1971, arising out of and in the course of her employment with the Board of Education of the City of Chicago (Board) when she was struck with a large paste bottle. As a result of this injury, a partial mastectomy of the right breast was performed

leaving a permanent scar. In July 1971 she sought adjustment of her claim before the Industrial Commission, alleging, in part, that her injury had resulted in permanent disfigurement. (Ill. Rev. Stat. 1971, ch. 48, par. 138.8(c).) The arbitrator granted her an award which included compensation for "serious and permanent disfigurement to the chest." The Commission confirmed, and on *certiorari* to the circuit court of Cook County the award was sustained. The Board has appealed to this court (50 Ill.2d R. 302(a)) challenging the propriety of the disfigurement award.

Section 8(c) of the Workmen's Compensation Act (par. 138.8(c)) provided, in pertinent part, "In the case of female employees, compensation for disfigurement shall also include serious and permanent disfigurement to \*\*\* the chest above the axillary line." The Board now argues that "There is uncontradicted medical evidence throughout the record that the hematoma, surgery and resulting surgical scar on Mrs. Pope's chest were anatomically below the axillary line." It is further urged that claimant failed to appear in accordance with the commissioner's "order," entered pursuant to Rule 5—(4), and no examination of the claimant was made by any member of the Commission. This rule provides:

> "The petitioner [claimant], at his own request, or at the request of the hearing commissioner, shall present himself for examination at the time set for oral argument. In the event that neither the petitioner nor the hearing commissioner request the presence of the petitioner, the respondent [Board] may request his presence, subject to the discretion of the hearing commissioner, and if such presence is ordered by the hearing commissioner, the respondent shall pay in advance of the time fixed for said oral argument sufficient monies to defray the necessary expense of travel by the most convenient means to and from the place of examination and reimbursement for any loss of wages caused because of loss of working time as provided under Section 12 of the Workmen's Compensation Act relative to physical examinations." Rules Gov-

erning Practice Before the Industrial Commission, effective July 1, 1972.

As a result of the accident, claimant underwent a subtotal mastectomy on May 17, 1971, whereby the lower half of her right breast was removed and plastic repair performed. By agreement of the parties, medical reports were introduced. The report of claimant's treating physician, Dr. Wolf, did not specifically indicate the location of the permanent scar in relation to the axillary line. The Board proffered the report of its physician, Dr. Walker, who had examined claimant on December 29, 1971. Dr. Walker's report stated that his "Examination revealed a heavy, over weight individual with large pendulous breast. Irregular scarring was noted in the inferior breast area, below the nipple on the right." The record further indicated that the arbitrator "has observed the petitioner [claimant]."

No additional testimony or other evidentiary material would appear to have been introduced before the Commission, which ordered that the case be taken on the record and set for oral argument with the claimant to be examined on the day of oral argument. The Commission's decision merely reads, "Upon consideration of the record herein and further proceedings had upon Review, the Commission is of the opinion that the Decision of the Arbitrator is correct."

The claimant must prove the necessary elements to sustain an award. (*Brown v. Industrial Com.*, 57 Ill.2d 313, 316.) We are not persuaded that the record is inadequate to establish the requisite statutory characteristic for disfigurement in this instance. The record indicates that the arbitrator "observed" the claimant, and she now asserts that this was an examination as to her disfigurement and its relation to her axillary line. The Board does not dispute this interpretation and it has candidly stated in oral argument that the arbitrator, claimant and another woman went to an adjoining room

during the proceedings presumably for an examination as to the location of the scar. Additionally, we note that Dr. Walker examined claimant nearly eight months after surgery and six months after she filed for an adjustment of claim seeking an award for permanent disfigurement. Yet in his report there is no mention of the precise anatomical position of the disfiguring scar. Under these circumstances, we are of the opinion that the decision of the Commission was proper and not contrary to the manifest weight of the evidence.

There is no merit to the Board's position that claimant failed to appear before the Commission on the date set for oral argument, thereby precluding any physical examination to determine whether the surgical scar was above or below the axillary line. Initially, the record does not indicate that claimant did not appear. The Board's factual assertions are therefore *dehors* the record and not properly before this court.

The attorney representing the Board, who has been involved in these proceedings since their inception before the arbitrator, has stated in oral argument that upon his insistence the claimant was ordered to appear before the Commission. While the Board maintains that Rule 5–(4) may require such appearance upon its request, the Board does not contend that it complied with the conditions precedent to effectuating this rule which necessitate that it "pay in advance of the time fixed for said oral argument sufficient monies to defray the necessary expense of travel *** to and from the place of examination and reimbursement for any loss of wages caused because of loss of working time as provided under Section 12 of the Workmen's Compensation Act relative to physical examinations." The Board cannot now complain of or draw inferences from claimant's failure to appear on the date of oral argument.

Accordingly, the judgment of the circuit court of Cook County is affirmed.                    *Judgment affirmed.*