(No. 47744.—

CESAR GOMEZ, Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Allied Water Proofing, Appellee.)

*Opinion filed May 28, 1976.*

James Walker, Ltd., of Bloomington, for appellant.
Richard D. Hannigan, of Chicago, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

Claimant, Cesar Gomez, has appealed to this court for review of a decision of the circuit court of McLean County in a workmen's compensation case. The arbitrator dismissed the application for adjustment of claim on the ground that the Illinois Industrial Commission had no authority to adjudicate the claim. The Industrial Commission affirmed the arbitrator's determination, and the circuit court of McLean County confirmed the Commission's decision.

The facts relevant to this appeal are not in dispute. On June 30, 1968, claimant was employed as a "tuckpointer" by Allied Water Proofing. Claimant was hired shortly before June 29, 1968, at the company's place of business in St. Louis, Missouri. On June 29 he traveled with his foreman to Charleston, Illinois, where Allied Water Proofing had a contract to remodel a portion of the library of Eastern Illinois University. Claimant was involved in an accident on his first day on the job when a scaffold on which he and the foreman were standing fell to the ground.

Claimant drove the foreman to a hospital in Charleston. Both men were treated and remained in the hospital overnight. Following their release, claimant drove the foreman to St. Louis and then returned to his home in Fort Scott, Kansas. He returned to St. Louis several days later and was assigned to "light work" around the shop. Claimant was sent to Normal, Illinois, in July of 1968 where Allied Water Proofing had a contract with Illinois State University. Claimant worked in Normal until November and resided in Bloomington, Illinois, during that time.

The sole question to be decided is whether claimant's accidental injury falls within the coverage of the Illinois Workmen's Compensation Act (Ill. Rev. Stat. 1967, ch. 48, par. 138.1 *et seq.*). Respondent contends that an injury incurred in Illinois is not within the jurisdiction of the

Industrial Commission where, as here, the employer and employee are nonresidents and the employment contract was entered into outside the State.

Respondent relies upon our decisions in *Arnold v. Industrial Com.* (1960), 21 Ill.2d 57, and *McLain Dray Lines v. Industrial Com.* (1969), 41 Ill.2d 554. In *Arnold,* the claimant was a truck driver who resided in Alabama and was employed by an Alabama company. He sustained an accidental injury at a railroad crossing in Illinois. This court held that our workmen's compensation act did not apply, stating: "Insofar as the meager record in this case discloses, Arnold's presence in this State was merely transitory. He was not continuously employed here, nor does anything else appear which would give Illinois an interest in this employment relationship or the incidents thereof." 21 Ill.2d 57, 62.

In *McLain Dray Lines,* the claimant was also a nonresident truck driver employed by an out-of-State company. The court applied the *Arnold* holding and found that claimant was not eligible for the benefits of the Illinois act.

The distinguishing feature between these cases and the present appeal lies in the nature of the employment involved. In both *Arnold* and *McLain Dray Lines* the presence of the employees in Illinois was merely transitory. The only connection between their employment and this State was the fact that they traveled over its roads. By contrast, in this case the employee was injured at a fixed work site within this State.

A recent decision of this court demonstrates that the crucial inquiry in cases of this nature is whether Illinois has a substantial interest in the particular employment relationship involved. In *M.W.M. Trucking Co. v. Industrial Com.* (1976), 62 Ill.2d 245, we held that the Industrial Commission had jurisdiction over a claim by a resident truck driver injured in this State despite the fact that the employment contract was entered into in Missouri. The

cumulative effect of the employee's residency in Illinois, the occurrence of the injury in Illinois, and the fact that the defendant conducted a significant amount of business in Illinois established a substantial connection between this State and the employment relationship.

We find that a similar substantial interest exists in the present case, and that the *Arnold* and *McLain Dray Lines* cases are not controlling. Claimant's presence in Illinois was not merely transitory, since he had been sent here to work at a fixed construction site. He was engaged in an occupation which is extensively regulated by this State. (See, *e.g.,* the Structural Work Act, Ill. Rev. Stat. 1967, ch. 48, par. 60 *et seq.*) Unlike the employees in *Arnold* and *McLain Dray Lines,* the source of claimant's income was his activity in Illinois. Under our present income tax act claimant's income earned in Illinois would be subject to Illinois income tax. Ill. Rev. Stat. 1975, ch. 120, pars. 2–201, 3–302.

We conclude that the circumstances of this case establish that this State has a substantial interest in claimant's employment relationship sufficient to confer jurisdiction upon the Industrial Commission. See 3 A. Larson, The Law of Workmen's Compensation, secs. 87.23, 87.24.

The question involved in this case is not one of fact but of law. The facts are not in dispute and there are no inferences to be drawn from these undisputed facts. Thus, the customary rule of not disturbing the findings of the Industrial Commission unless they are against the manifest weight of the evidence is not applicable. The respondent urges that there is in fact a disputed question that was resolved by the Industrial Commission. It is the respondent's contention that the Commission found that the employment was transitory in nature, thus bringing it within the rule previously announced by this court. There was no finding by the arbitrator or the Commission concerning the nature of the employment. The evidence

on the subject is undisputed, and from this evidence we have found as stated above that the employment relationship is distinguishable from that involved in *Arnold* and *McLain Dray Lines.*

Recent amendments to the Workmen's Compensation Act have expressly established jurisdiction in the Industrial Commission over injuries resulting from employment in Illinois regardless of where the contract of employment is made. (Ill. Rev. Stat. 1975, ch. 48, par. 138.1(b)(2).) Although the amendment is not retroactive, claimant submits that it indicates that our decision in *Arnold* was not consistent with the intent of the legislature. We need not reach this issue, however, in light of our decision that the instant appeal does not fall within the *Arnold* holding.

The judgment of the circuit court of McLean County is reversed and the cause is remanded to the Industrial Commission for further proceedings.

*Reversed and remanded.*