(No. 50514.—

UNITED ELECTRIC COAL CO., Appellant, v. THE INDUSTRIAL COMMISSION *et al.*—(Joseph Cole, Appellee.)

*Opinion filed Nov. 22, 1978.—Rehearing denied Jan. 25, 1979.*

Henry D. Noetzel & Associates, Ltd., of Peoria (J. Jay Robeson, of Springfield, of counsel), for appellant.

Westervelt, Johnson, Nicoll & Keller, of Peoria (Robert D. Jackson, of counsel), for appellee.

MR. JUSTICE CLARK delivered the opinion of the court:

The issue is whether the award of the Industrial Commission, confirmed by the circuit court of Peoria County, was against the manifest weight of the evidence. The claimant, Joseph Cole, was employed by the respondent, United Electric Coal Co., for 28 years, during which time he was exposed to coal dust. From 1959 until June 1973, when he retired, he operated a "shovel," similar to a

steam shovel, in respondent's strip mine in Illinois; and from 1945 until 1959 he worked underground in respondent's mine in Kentucky. The arbitrator, finding the claimant "wholly and permanently incapable of work," awarded him $75 weekly for 304 weeks, $16 for one week, and $2,592 annually as a pension. The Commission affirmed the award. Respondent appeals to us pursuant to Rule 302(a) (58 Ill. 2d R. 302(a)).

Section 1(d) of the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1973, ch. 48, par. 172.36(d)) provides:

> "In this Act the term 'Occupational Disease' means a disease arising out of and in the course of the employment. Ordinary diseases of life to which the general public is exposed outside of the employment shall not be compensable ***.
>
> A disease shall be deemed to arise out of the employment only if there is apparent to the rational mind *** a direct causal connection between the conditions under which the work is performed and the occupational disease, and which can be seen to have followed as a natural incident of the work as a result of the exposure occasioned by the nature of the employment and which can be fairly traced to the employment as the proximate cause, and which does not come from a hazard to which workmen would have been equally exposed outside of the employment. ***
>
> An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time however short, he is employed in an occupation or process in which the hazard of the disease exists ***.
>
> The employer liable for the compensation in this Act provided [sic] shall be the employer in whose employment the employee was last exposed to the hazard of the occupational disease claimed upon regardless of the length of time of such last exposure ***."

Applying this legislative standard, the Commission concluded the claimant has pneumoconiosis or black lung disease which was caused by and during his employment

with the respondent. We cannot substitute our judgment for that of the Commission unless its finding is contrary to the manifest weight of the evidence. (*Caterpillar Tractor Co. v. Industrial Com.* (1976), 63 Ill. 2d 153, 159.) We conclude the circuit court and the Commission were correct.

Respondent admits that claimant worked for it from 1959 to 1973 in Illinois and has not denied that he also worked for it from 1945 to 1959 in Kentucky. Respondent also admits that claimant was exposed to coal dust during those 28 years. However, respondent contends the evidence fails to show that the claimant has pneumoconiosis; that, if he does have it, it was contracted while in the employ of respondent; or that he was permanently disabled.

The claimant testified he noticed in 1970 a shortness of breath which became worse in 1971 after he made routine climbs necessary in his job. After leaving the respondent in June 1973 at the age of 67, he moved back to Kentucky, where he found it difficult to work in a plant and shrubbery store. At the time of his testimony, he had been receiving treatment from a respiratory clinic, suggested by Dr. Stanley Bugaieski, the respondent's medical expert here.

Dr. Bugaieski's report, offered by the respondent, stated that the claimant suffered from "obstructive airways disease" and has a history which "support[s] significant disability." Dr. Bugaieski was unwilling to say the claimant suffered from pneumoconiosis and that he was permanently disabled.

The depositions of Drs. William G. West, Jr., and Neil Calhoun were offered by the claimant. (The respondent has objected to their admission, but it failed to raise this issue in the circuit court on review so we will not consider its objection here. (*Allis-Chalmers Manufacturing Co. v. Industrial Com.* (1966), 35 Ill. 2d 367, 371-72.)) Both

doctors, by way of hypothetical and direct assertion, stated that, on the basis of X-ray film, his occupational history and their examinations, they concluded the claimant suffered from pneumoconiosis. Dr. West, whose patients include many coal miners suffering from black lung disease, said that the claimant had a history of coal-dust exposure and shortness of breath, and that he was completely disabled for mining work although he might be capable of other, light work. Dr. Calhoun, whose patients also include coal miners, testified that the claimant suffered from severe pulmonary disease rendering the claimant totally disabled.

We believe the Commission had sufficient evidence on which to base its award to the claimant for total and permanent disability. The claimant carried his burden of proving the existence of occupational disease due to employment under section 1(d) of the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1973, ch. 48, par. 172.36(d)). (Since the claimant here did go forward with this proof, we find it unnecessary to determine whether or not that portion of section 1(d), establishing a presumption in favor of a coal miner suffering from pneumoconiosis and effective July 1, 1973, is applicable.)

For the reasons stated, we affirm the judgment of the circuit court.

*Judgment affirmed.*