OLIVIA CHAMBERS, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Prudential Insurance Company of America, Appellee).

First District (Industrial Commission Division)   No. 1—84—2563WC

Opinion filed December 30, 1985.

Olivia Chambers, of Griffith, Indiana, for appellant, *pro se.*

Discipio, Martay, Caruso & Simard, of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, Olivia Chambers, filed an application for adjustment of claim under the Workers' Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*). Her employer, respondent Prudential Insurance Company (the company), challenged Illinois jurisdiction. The parties stipulated that the initial arbitration would consider solely the jurisdiction issue. All additional issues were reserved. Following the arbitration hearing, the arbitrator found no Illinois jurisdiction. On review, the Industrial Commission (the Commission) affirmed the arbitrator. The circuit court of Cook County confirmed the Commission. The petitioner brought this appeal.

The undisputed facts herein are as follows. At all relevant times, the petitioner lived in Griffith, Indiana. She saw in a Hammond, Indiana, newspaper an employment advertisement placed by the company. On June 22, 1978, the petitioner responded to the advertisement by going to the company's Hobart, Indiana, office. There, she filled out an application for employment and was interviewed for employment as a nurse for the company. On July 5, 1978, per instruction from the company, the petitioner reported to the company's Chicago office. In Chicago, the petitioner completed insurance and tax withholding forms and received two weeks of training. Subsequently, she worked solely in Indiana as a nurse for the company.

In July of 1979, while working in Indiana for the company, the petitioner allegedly twisted her ankle on a raised carpet. The alleged resulting injury is the basis for the instant claim.

At the arbitration hearing, the petitioner testified as her own sole witness. According to her testimony, the petitioner left her June 22 interview at the company's Hobart office with the information that the company would contact her if they wanted to hire her. Further, according to the petitioner, several days thereafter the company telephoned her and, without offering her a job, asked her to report to Chicago on July 5. At Chicago, she had further interviews and then signed papers whereby she accepted employment with the company.

In its case, the company presented several documents, including the petitioner's application for employment and the respondent's form record of the petitioner's June 22, 1978, interview. The company also presented testimony of persons who were its employees in June and July of 1978. According to the company's testimony, particularly that of employment representative Marcia Natale, the petitioner accepted a job during her June 22 interview visit. Also according to the company's witnesses, the notation, "Hired 07-05-78," on the petitioner's interview record, referred to the petitioner's anticipated employment

starting date.

Following the arbitration hearing, the arbitrator noted that the company's testimony, particularly that of Marcia Natale, was credible and convincing. The arbitrator then found that the instant contract for hire was made in Indiana on June 22, 1978, and that, consequently, the Commission lacked jurisdiction over the claim. On review before the Commission, neither party presented additional evidence. The Commission affirmed the arbitrator. On appeal, the circuit court found the decision of the Commission was not against the manifest weight of the evidence and confirmed, as aforesaid.

The petitioner sets out multiple arguments in her opening brief and additional arguments in her reply brief. The company argues that the petitioner has waived all issues but one: whether the decision of the Commission was against the manifest weight of the evidence. The company also argues that certain exhibits related to a form IL-W-5, which the petitioner filed in the trial court but never admitted into evidence, should not be considered by this court.

■ We initially observe that a circuit court reviewing a decision of the Commission must consider the case solely on the record made before the Commission (*Gunthrop-Warren Printing Co. v. Industrial Com.* (1979), 74 Ill. 2d 252, 384 N.E.2d 1318), and that items outside the record are not properly before this court. (See *Board of Education v. Industrial Com.* (1974), 58 Ill. 2d 105, 317 N.E.2d 497.) Consequently, we do not consider the petitioner's IL-W-5 exhibits, first presented to the trial court and never admitted into evidence.

Secondly, we address whether the decision of the Commission was against the manifest weight of the evidence. The sole issue presented below was whether the petitioner was an "employee" under section 1 of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.1(b)). Section 1, in relevant part, defines as employees, "persons whose employment is outside of the State of Illinois where the contract of hire is made within the State of Illinois, *** and persons whose employment is principally localized within the State of Illinois ***." Ill. Rev. Stat. 1979, ch. 48, par. 138.1(b)(2).

Courts have looked to the place of contract to determine whether accidental injuries suffered outside Illinois fall within the Act. See *United Airlines, Inc. v. Industrial Com.* (1983), 96 Ill. 2d 126, 449 N.E.2d 119; *Youngstown Sheet & Tube Co. v. Industrial Com.* (1980), 79 Ill. 2d 425, 404 N.E.2d 253; *Morris v. Industrial Com.* (1973), 55 Ill. 2d 563, 304 N.E.2d 606; *Severin v. Industrial Com.* (1936), 363 Ill. 217, 2 N.E.2d 65.

The petitioner argues that the Commission's decision that she was

hired in Indiana was against the manifest weight of the evidence. In so arguing, the petitioner particularly emphasizes that the company's documents in evidence show July 5, not June 22, as her hiring and appointment dates. She also cites *Gomez v. Industrial Com.* (1976), 63 Ill. 2d 374, 342 N.E.2d 12, and *Arnold v. Industrial Com.* (1960), 21 Ill. 2d 57, 171 N.E.2d 26, in suggesting that Illinois has jurisdiction based upon its substantial State interest in the instant case.

The company does not address the petitioner's substantial State interest argument. It simply argues that the question of jurisdiction, centered on whether the petitioner was hired in Illinois or Indiana, was a disputed question of fact involving credibility of the witnesses. It asserts that the Commission's decision that there is not Illinois jurisdiction is not against the manifest weight of the evidence.

█ Substantial State interest may be a basis for the Commission to entertain jurisdiction where the employer and employee are nonresidents, the employment contract was entered outside Illinois, and the injury occurred *in* Illinois. However, we are aware of no authority wherein Illinois jurisdiction was found on circumstances comparable to those before us. Because the petitioner has waived on appeal any argument that there is Illinois jurisdiction as her employment is "principally localized" in the State, whether Illinois has jurisdiction over the instant case depends on whether the petitioner's employment contract was made in Illinois. (Ill. Rev. Stat. 1979, ch. 48, par. 138.1(b)(2).) We will disturb a factual determination as to the place an employment contract was made only if it is contrary to the manifest weight of the evidence. *United Airlines, Inc. v. Industrial Com.* (1983), 96 Ill. 2d 126, 449 N.E.2d 119.

█ Following a careful review of the record, we find that the Commission's determination that the petitioner's employment contract was made in Indiana was amply supported by the evidence. The record contains conflicting evidence which could support a factual determination that the petitioner was hired at her June 22, Hobart interview; that she was hired a few days thereafter based upon a telephone call from the company to the petitioner's Indiana home; or that she was hired following her arrival to the company's Chicago office. However, given the company's internally consistent evidence that the petitioner was offered and accepted employment prior to her arrival in Chicago, and given the fact that the petitioner arrived at the Chicago office dressed in a new nurse's uniform and apparently ready for work or training, we will not disturb the Commission's finding.

█ Lastly, we decline to address the petitioner's several additional arguments concerning the procedures followed in the arbitra-

tion, the company's filing below of unsigned briefs, and the trial court's considering as precedential cases concerning railroad accidents. We find, as the company argues, that the petitioner has waived these arguments presented for the first time on appeal. *Allis-Chalmers Manufacturing Co. v. Industrial Com.* (1966), 35 Ill. 2d 367, 220 N.E.2d 181.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

WEBBER, P.J., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.