ROBERT C. MAHONEY, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (United Airlines, Appellee).

First District (Industrial Commission Division)   No. 1—03—2780WC

Opinion filed January 12, 2005.—Rehearing denied February 18, 2005.

McCULLOUGH, P.J., specially concurring.

Jason H. Rubens, of Rudich, Rubens & Taradji, L.L.C., of Chicago, for appellant.

Emily E. Borg, of Wiedner & McAuliffe, Ltd., of Chicago, for appellee.

JUSTICE HOLDRIDGE delivered the opinion of the court:
In this matter, we are asked to determine whether the site of the

contract for hire is the exclusive test for determining the applicability of the Illinois Workers' Compensation Act (Illinois Act or Act) (820 ILCS 305/1 *et seq.* (West 2002)) to persons whose employment is outside the state of Illinois where the contract for hire is made within Illinois. 820 ILCS 305/1(b)(2) (West 2002). We find that the contract for hire is the exclusive test in such cases, and the decision of the Illinois Industrial Commission to the contrary, that the site of the contract for hire is merely one factor to be considered within the totality of the arrangements, including significant contacts with Illinois, is erroneous. We reverse.

The facts herein are undisputed. The claimant, Robert C. Mahoney, a Florida resident, sought benefits under the Illinois Act for injuries he sustained while working for United Airlines (United) at its Orlando, Florida, facility on May 19, 1999, and January 2, 2001. The claimant was hired by United on January 6, 1969, to work as a ramp serviceman at O'Hare Field, in Chicago, Illinois. In 1993, after a divorce, Mahoney decided to relocate away from Chicago. Looking for "a chance to start his life over again," he requested a voluntary transfer to United's facility at the Orlando, Florida, International Airport. Transfers at United Airlines are done on a voluntary basis, and claimant had the necessary seniority to pick many locations throughout the United States. He chose Orlando, Florida, because of its warm weather. On his last day at work at O'Hare, the claimant turned all his O'Hare identification badges and cards in to the employer. He then reported to the airport in Orlando, Florida, where he received new identification and passes. Upon his arrival in Florida, claimant purchased a home in the Orlando area. Since 1993 he has worked continuously for United Airlines in the State of Florida. The claimant has a Florida driver's license and pays all appropriate local and state taxes in that state. Although he has the right to do so, the claimant has never attempted to relocate back to Illinois or any other state.

On March 19, 1999, Mahoney sustained an accidental injury to his left foot while traversing up a flight of steps onto an airplane. The injury occurred in Orlando, Florida, while Mahoney was working, and medical treatment for the injury was provided in Orlando. The claimant received compensation under the Florida workers' compensation laws.

The claimant sustained a second accidental injury on January 2, 2001, when his left knee "just went out" while he was pushing a suitcase container. Again, the accident occurred and medical treatment was rendered in Orlando. Again, compensation was obtained for this injury under the Florida workers' compensation laws.

The arbitrator determined that Illinois lacked jurisdiction over the claimant's claim. In reaching this conclusion, the arbitrator relied upon the five-factor test for determining jurisdiction laid out in *Carroll v. Industrial Comm'n*, 205 Ill. App. 3d 885, 890 (1990), and reiterated in *United Airlines v. Industrial Comm'n*, 252 Ill. App. 3d 972, 981 (1993) (*United Airlines (Rankins)*). Under *Carroll* and *United Airlines (Rankins)*, jurisdiction is determined by: (1) the situs of the contract; (2) the continuity of the employment between the time of the contract and the time of injury; (3) whether the employment transfer from Illinois was voluntary; (4) the length of time between the employee's departure from Illinois and the injury; and (5) the significance of the employee's contact with Illinois following his departure from Illinois. *Carroll*, 205 Ill. App. 3d at 890; *United Airlines (Rankins)*, 252 Ill. App. 3d at 981.

In the instant matter, the arbitrator found that only the situs of the original contract weighed in favor of Illinois jurisdiction. All other factors weighed against jurisdiction. The Commission adopted the arbitrator's ruling, noting:

> "The site of the contract for hire is not the exclusive test determining the applicability of the Act, but is only one of the factors the Commission is to consider within the totality of the arrangements. Another factor to be considered is the significance of the of [*sic*] claimants' contacts with Illinois. The Act does not create a perpetual right to claimants who transfer to another state to recover benefits for work-related injuries in the new state of residence when the claimant has voluntarily severed relations with Illinois. *United Airlines v. Industrial Comm'n*, 252 Ill. App. 3d 972."

The circuit court of Cook County confirmed the Commission's decision. The claimant appeals.

The development of the law on this issue is somewhat confusing. Beginning as we must, with the express language of the Act, the issue would appear simple. The plain language of the Act clearly states that site of the contract for hire *is* the exclusive test for determining the applicability of the Act to persons whose employment is outside Illinois where the contract of hire is made within Illinois. Employees covered by the Act include "[e]very person in the service of another under any contract of hire, express or implied, oral or written, including persons whose employment is outside the State of Illinois where the contract for hire is made within the State of Illinois." 820 ILCS 305/1(b)(2) (West 2002).

In *Severin v. Industrial Comm'n*, 363 Ill. 217 (1936), our supreme court repeated what was by then a long-held proposition that the Act

grants coverage to workers injured outside Illinois where the contract for employment was entered into in Illinois. 363 Ill. at 219 ("We have repeatedly held that the Industrial Commission had no jurisdiction in cases where the injuries were sustained outside the State *unless the proof showed a contract for employment in Illinois*" (emphasis added)).

In *Morris v. Industrial Comm'n*, 55 Ill. 2d 563 (1973), our supreme court again was asked to address the question of coverage under the Act for a person injured in another state. In *Morris*, the claimant was injured while working in Indiana after having been sent to the Indiana employer as a result of a call to the claimant's union hall in Danville, Illinois. The claimant sought benefits under the Illinois Act. The court noted that "[t]he only issue in this case is whether the contract of hire was made in Illinois or Indiana." 55 Ill. 2d at 564. The court held that the contract for hire was not entered into until the claimant reported to the Indiana work site. 55 Ill. 2d at 565.

Our supreme court next visited this issue again in *Youngstown Sheet & Tube Co. v. Industrial Comm'n*, 79 Ill. 2d 425 (1980). In *Youngstown*, an employee was hired to work in Youngstown's South Chicago, Illinois, coke plant. The employee worked at that job for several years. The employer then notified the employee and his union of its intention to close the South Chicago facility, which it did shortly thereafter. After the employee's last day of employment, the employee immediately applied for work with other employers. Also at that time, the employee sought unemployment benefits. After three months without a job, the employee became aware of a job possibility at Youngstown's Gary, Indiana, plant. He applied, was interviewed, and subsequently was hired at the Indiana facility. The job for which he was hired was not the same job he had previously held in Illinois. 79 Ill. 2d at 427. However, after completing a probationary period, the employee was converted to permanent status. Under the terms of a collective bargaining agreement with the employee's union, he was given credit toward his seniority equal to the time he had been employed at the South Chicago plant. The employee was injured 12 years later while working at the Indiana plant and sought compensation under the Illinois Act.

Our supreme court in *Youngstown* determined that the claimant was not entitled to compensation under the Illinois Act. But in so doing, the court focused exclusively upon the question of situs of the contract for hire. The court determined that the claimant's contract of employment made in Illinois terminated when the claimant's employment at the South Chicago plant ended, and a completely new contract of hire was established when the claimant began working in Indiana. 79 Ill. 2d at 432. The court noted that the claimant's employment

with Youngstown ended when the South Chicago plant closed. The claimant was informed at the time of the plant closing that his employment was terminated, and the claimant's actions in seeking new employment confirmed his understanding that his employment contract with Youngstown had ended. 79 Ill. 2d at 431. The court rejected the claimant's argument that the restoration of his seniority rights pursuant to the collective bargaining agreement was sufficient to establish that his contract of employment, which began in Illinois, continued to cover his employment in Indiana. 79 Ill. 2d at 433.

The *Youngstown* decision, relying upon the plain language of the Act, established a bright-line test for future courts to follow. Under *Youngstown*, if the employment contract was made in Illinois, a claimant injured while working in another state was covered under the Act. Conversely, if the contract for hire was not entered into in Illinois, then there was no coverage. Of particular interest to the case at bar is the *Youngstown* court's observation that "this is not a case where an Illinois employer transferred [the claimant] to its place of business in Indiana. This case involves a cessation of employment in Illinois and a reemployment in Indiana with certain carry-over benefits derived from the contract between the parent company and the labor union." 79 Ill. 2d at 433.

Our supreme court next visited the issue in *United Airlines, Inc. v. Industrial Comm'n*, 96 Ill. 2d 126, 131 (1983) *(United Airlines (Walker))*. *United Airlines (Walker)* involved facts nearly identical to the facts in the instant matter. Walker, an Illinois resident, was hired by United Airlines to work as a ramp serviceman at O'Hare Field in Chicago. Several years later, he filed an application for voluntary transfer to any of four locations, including the San Francisco International Airport. United granted Walker's request for transfer and transferred him to California. There was no break in Walker's employment with United Airlines. Shortly thereafter, Walker was injured at work and sought compensation under the Illinois Act. The Commission held that Walker's employment contract had been made in Illinois and that jurisdiction therefore existed. The circuit court reversed, finding that, under the "spirit" of *Youngstown*, the Commission lacked jurisdiction. 96 Ill. 2d at 129. Our supreme court reversed the circuit court and upheld the holding of the Commission. Our supreme court noted:

> "The circuit court's reliance upon *Youngstown Sheet & Tube Co. v. Industrial Com.* [citation], for its holding that the Commission lacks jurisdiction in this cause is misplaced, as that decision is clearly inapposite upon its facts. Unlike the situation here, *in which claimant's employment with respondent was continuous and*

*uninterrupted at the time of his transfer,* the claimant in *Youngstown* was permanently 'laid off' from his position in an Illinois plant. *** Under the circumstances present in that case, this court concluded that there was no contractual basis for applying Illinois compensation law because the claimant's Illinois employment contract had been terminated when his employment with the company had ended and that his new employment relationship was governed by a contract made in Indiana." 96 Ill. 2d at 130-31.

In reiterating the contract situs test as the sole test for determining compensability, the court in *United Airlines (Walker)* specifically rejected a significant contacts test for jurisdiction:

"Respondent also urges that we apply a theory of jurisdiction suggested by Professor Larson that jurisdiction over compensation issues should be present only where the employment relationship is centered, and that the situs of that relationship should be governed by rules similar to those governing questions concerning an individual's domicile. [Citations.] An exclusive application of that theory, however, is not consistent with the contractual basis of jurisdiction specified by our compensation act, and any change therein will have to be legislatively mandated." 96 Ill. 2d at 131.

Justice Simon's dissent in *United Airlines (Walker)* is particularly interesting. Justice Simon observes that, under the majority's opinion, "a worker who has been permanently reassigned from Illinois to another State and who has worked in that State for many years is nevertheless entitled to claim workmen's compensation in Illinois provided that he initially was hired in Illinois and briefly worked here." 96 Ill. 2d at 132 (Simon, J., dissenting, joined by Ryan, C.J.). Justice Simon further commented, "[i]n deciding this case, however, I would not rely, as the majority does, on the arcane rules of contract formation. Instead, *** [compensation should be limited to those] workers with some substantial relationship to the State of Illinois." 96 Ill. 2d at 134 (Simon, J., dissenting, joined by Ryan, C.J.).

After *United Airlines (Walker)*, it was quite clear that our supreme court interpreted the Act to provide jurisdiction where the contract for hire was established in Illinois, even if the employee permanently transferred to another state and the injury occurred several years after the transfer.

However, the appellate court in *Carroll v. Industrial Comm'n*, 205 Ill. App. 3d 885 (1990), subsequently held that the site of the contract for hire is not the exclusive test for determining the applicability of the Act, but is only one of the factors the Commission is to consider within the totality of the arrangements. 205 Ill. App. 3d at 889. In *Carroll*, the claimant, an over-the-road truck driver, was originally hired in 1969 to work in the Consolidated Freightways Chicago facil-

ity. In 1971, a job restructuring plan forced the claimant to lose his job in Chicago; however, his seniority allowed him to bid on a similar position with the employer in North Platte, Nebraska. The claimant moved to Nebraska, purchased a home, paid Nebraska property and income taxes, and procured a Nebraska driver's licence. In 1978, Consolidated instituted another job restructuring plan, and as a result of that restructuring, the claimant transferred to Ketcham, Idaho, where he again purchased a home, paid taxes and procured a driver's licence. While working out of Consolidated's Idaho facility, the claimant was injured while in the State of Washington. The claimant was compensated under the Idaho workers' compensation act, but then sought benefits under the Illinois Act. The Commission found jurisdiction under *United Airlines (Walker)*, but the circuit court found the Commission's decision to be against the manifest weight of the evidence. The appellate court upheld the circuit court, finding that Illinois lacked jurisdiction under *United Airlines (Walker)*. *Carroll*, 205 Ill. App. 3d at 888.

The *Carroll* court reasoned that *United Airlines (Walker)* did not deem the situs of the contract for hire as the sole criteria for determining jurisdiction. It noted that *United Airlines (Walker)* was factually distinguishable because the claimant therein was still within a 90-day probationary period, wherein he could have returned to Illinois, when he was injured. *Carroll*, 205 Ill. App. 3d at 888. How this fact had any role in the supreme court's decision, the *Carroll* court did not say.

Instead of the situs of the contract analysis articulated in *United Airlines (Walker)*, the *Carroll* court articulated a five-part test, which placed heavy emphasis upon the "significant contacts test" that had been rejected in *United Airlines (Walker)*. The *Carroll* court found it appropriate to review: (1) the situs of the contract; (2) the continuity of the employment between the time of the contract and the time of injury; (3) whether the employment transfer from Illinois was voluntary; (4) the length of time between the employee's departure from Illinois and the injury; and (5) the significance of the employee's contact with Illinois following his departure from Illinois. *Carroll*, 205 Ill. App. 3d at 890

Shortly thereafter, the appellate court decided *United Airlines v. Industrial Comm'n*, 252 Ill. App. 3d 972 (1993), wherein the appellate court reiterated the *Carroll* court's analysis that situs alone was not controlling on the issue of jurisdiction. The court noted with approval the five-part test articulated by the court in *Carroll* and commented upon the particular significance of the employee's contacts with Illinois. *United Airlines (Rankins)*, 252 Ill. App. 3d at 981-82.

Thus, when the instant case came before the Commission, it relied

upon *Carroll* and *United Airlines (Rankins)* to find that it lacked jurisdiction based upon a lack of significant contacts between the instant claimant and Illinois.

Our review of the case law leads us to conclude that *Carroll* and *United Airlines (Rankins)* are clearly at odds with *Youngstown* and *United Airlines (Walker)*. We are thus faced with the problem of whether to continue to ignore the plain language of the Act and the binding supreme court precedent of *Youngstown* and *United Airlines (Walker)*, or to return to the analysis articulated therein. We choose the latter.

We hold that the situs of the contract is the sole determinate of jurisdiction under the Act for a person whose employment is outside Illinois where the contract of hire is made within Illinois. To the extent that *Carroll* and its progeny deviate from this holding, they are overruled. Ultimately, we leave it to our supreme court whether to continue in this interpretation of the Act.

For the foregoing reasons, the decision of the Commission is reversed, and this cause is remanded to the Commission for further proceedings.

Reversed and remanded.

HOFFMAN, CALLUM, and GOLDENHERSH, JJ., concur.

PRESIDING JUSTICE McCULLOUGH, specially concurring:

I write this special concurrence only to express my disagreement with the majority's determination as to the continued vitality of *"Carroll* and its progeny."* 355 Ill. App. 3d at 274.

The facts in this case involve a claimant whose contract of employment was made in Illinois and not interrupted by any termination of the employment. *Carroll* is easily distinguished. In *Carroll*, the claimant's driver position in the Chicago, Illinois, terminal was eliminated. He was given a bid list and did bid for a job in Nebraska.

In *United States Steel Corp. v. Industrial Comm'n*, 161 Ill. App. 3d 437, 442, 510 N.E.2d 452, 455 (1987), we held that "[w]here an Illinois employer recommends or gives an employee notice of a possible job in another State, the contract of employment is not entered into in Illinois."

In *Youngstown*, the supreme court decided employment did cease in Illinois but discussed claimant being employed by the same employer in Indiana, the same job, and given credit for seniority. I submit that the *Carroll* factors are appropriate and do not conflict with *Youngstown*.

In *Youngstown*, the supreme court stated: "It is unnecessary for this court to make the technical determination of the last act necessary to give validity to the contract, since the totality of the arrangements for reemployment occurred in the State of Indiana." *Youngstown Sheet & Tube Co. v. Industrial Comm'n*, 79 Ill. 2d 425, 433, 404 N.E.2d 253, 257 (1980). The supreme court then reviewed factors considered in finding that Illinois lacked jurisdiction.

In the instant case, claimant was not terminated, furloughed, *et cetera*, but requested a transfer and his employment was continuous and uninterrupted. In *Carroll* and *Rankins*, the employment was not continuous and uninterrupted.

In this case, claimant could have remained in his present job and location. In *Carroll*, claimant, because of restructuring, lost his job in Chicago and bid on a similar position in Nebraska. The factors set forth in *Carroll* are not in conflict with *Youngstown*. The supreme court in *Youngstown* discussed various factors, as did *Carroll*, in determining the "totality of the arrangements for reemployment."