Proceeding under the Workmen's Compensation Act by O.W. White, claimant, opposed by Mobile Elevator Company, employer, and another. From judgment affirming award of the Florida Industrial Commission in favor of claimant, the opponents appeal.
Affirmed.
It seems fitting at the outset of this opinion to commend counsel for their efforts succinctly and clearly to present the issues in this case. They have succeeded in compressing the entire record to eight pages, thereby reducing to a minimum the expenditure of time on the part of the court and money on the part of the litigants.
This is primarily a contest between Mobile Elevator Company, a corporation, and O.W. White, and we shall, in the interest of simplicity, refer to them respectively as the appellant and the appellee.
The appellee was awarded compensation by the deputy commissioner; his action was approved by the full commission; the action of the latter was in turn affirmed by the circuit court. He had been employed in Florida to assist a regular employee of appellant in installing an elevator at Pensacola, and it was while he was so engaged that he was hurt.
According to the stipulation of facts appellant is a corporation under Alabama law, maintains no office or place of business in Florida, has not accepted the provisions of the Florida Workmen's Compensation Act (Chapter 440, Florida Statutes, 1941, and F.S.A.), has not "executed any waiver bringing itself thereunder." Appellant did, however, at all times relevant to this controversy have in its employ more than three persons, though but two, appellee and his companion, were actually working in this state.
The question is whether, in these circumstances, the provisions of the act could be invoked to the benefit of appellee. *Page 800 
As the Florida Workmen's Compensation Act applies only where "three or more employees are employed in the same business or establishment" (Section 440.02), the award to appellee can be sustained only if we hold that the employees in Alabama may be taken into account, and that the requirements of the act are satisfied if the foreign corporation employing but two men in Florida has in its employ in another state one or more persons engaged in "the same business or establishment".
When appellant undertook to install an elevator in Pensacola and hired appellee to work with a regular employee in performing that service, the appellant then and there became an employer inFlorida, and its very purpose in operating here was to reap profits from its activities within this state. If we bear in mind the purpose of the compensation act it seems to us there is small importance in the circumstance that only two employees were at the time actually serving in this state. The industry served, instead of society, was intended by the lawmakers to bear the burden resulting from injury to persons employed in industry. If we use this criterion in this controversy, it seems inescapable that the fundamental fact is that appellee's injury constituted a loss, or a burden, to be paid or borne by the industry he was serving at the time. If he was hurt while installing an elevator, then the employer who benefits or profits from that activity must relieve society of the consequences of a broken body; a diminished income, an outlay for medical and other care. If this be the exalted reason for the workmen's compensation plan, and undoubtedly it is, the matter of the performance by appellant of one job south of the Alabama-Florida line by only two workmen, while admittedly many more employees belonged to the organization on the north side of that line, presumably engaged in the same general business, seems inconsequential.
Industry and society transcend state lines. It would, in our opinion, be unjust as well as illogical to conclude that the industry in question could operate in this state, become an employer here, prosper from the operation here, then, when an employee is hurt, withdraw to Alabama with the profits and leave behind the loss to society in Florida.
This would place too much significance on the number of actual employees in this state being fewer than three. It strikes us this is an arbitrary figure forming the dividing point between those businesses which can and those which cannot afford to come under the act. If we disregard the line and consider the industry, it is clear that it is of sufficient size to fall within the provisions of the act.
So when appellant extended its activities into Florida it did so as a whole, not as a separate entity with but two employees, and when it did so, it is "presumed to have accepted the provisions of this chapter". Section 440.03.
The judgment is —
Affirmed.
ADAMS, C.J., and TERRELL and BARNS, JJ., concur.