THOMAS, Justice.
The deputy commissioner entered his comprehensive order describing the business of the employer, its method of operation and its relationship with the employee who was injured in the course of his work. The employer-company distributed in Florida dairy products which were garnered by it in Missouri under the supervision of its agent there, and forwarded in its own trucks to Miami. This agent employed the truck drivers, including claimant. When the tracks were unloaded at Miami they returned to Missouri with the “empties.”
The principal office of the employer was located in Miami; checks for wages were issued from the Miami office and claims and payments of compensation involved in this case were handled there. So it may be accurately stated that the Florida corporation, employer, had secured insurance carriage in Florida and from Florida caused *280 milk to be accumulated in the foreign state for re-sale here.
When the claimant was injured, in Missouri, the carrier furnished medical treatment, settled claimant’s action against a third party and assured the claimant, 6 May 1957, that further benefits would be secured to him under the Workmen’s Compensation Law. The carrier considered the case closed 31 October 1957 then reopened it for further medical treatment and re-closed it 14 March 1960. The claimant was provided with medical attention and treatment continuously from the date of the injury 9 December 1955 until 26 June 1961 when application was made for further medical treatment. Meanwhile 8 February 1961 the carrier advised claimant’s attorney that the statute of limitations had not run barring medical expenses and requested the claimant to be examined by a named physician. This doctor gave a report indicating a defect in the lower lumbar area and suggested hospitalization for a myelo-gram and surgical correction, if the claimant could not by conservative measures continue his work.
Because, so claimant contended, the carrier’s physician disregarded his complaints and insisted that he needed no medical attention but could continue to work he was compelled to seek chiropractic treatment elsewhere.
The deputy concluded that the claimant’s disability had continued since the original accident without exacerbation by an intervening injury. Upshot of the deputy’s study of the case was that the claimant continued to suffer from the time he was hurt in 1955. Although the deputy held in abeyance the determination of future compensation, he ordered 'the reimbursement of claimant for the amount paid physicians who attended him when the employer or carrier refused such service and ordered that claimant be provided with medical care to alleviate the present back condition attributed to the original injury, and so on.
The case was reviewed by'the Full Commission resulting in a unanimous reversal on the ground that the deputy did not at the time he entered his order of 3 January 1962, requiring the employer or carrier to provide treatment to relieve claimant of the back condition traceable to the initial injury, have jurisdiction so to act since the' claimant had failed to establish the prerequisites provided in Sec. 440.09, Florida Compensation Law.
Apparently the question of lack of jurisdiction was first raised by the employer and carrier during the hearing of November 1961.
The Full Commission observed that the deputy did not directly hold that the contract of employment was made in Florida but had indicated that he considered the employer to have waived the jurisdictional question or that the employer had become estopped to raise it.
Under the cited section, a workman employed elsewhere than this State who suffers an injury which would have been com-pensable had it happened here, is entitled to compensation if the contract was made in Florida and the employer’s business is here “or if the residence of the employee is in this state” provided the contract of employment was not expressly for service to be performed outside the State.
The Commission recited that according to the employee’s own testimony he was hired in Missouri which eliminated one of the prerequisites to recovery. Evidently this conclusion introduced the question whether or not the deputy commissioner had erred in “attempting to show” that employer and carrier had waived jurisdiction or had become estopped to urge the point.
We pause now to ascertain just how the subject of jurisdiction entered the controversy. The first finding of the deputy was the stereotyped one that the Florida Industrial Commission had jurisdiction of the subject matter and the parties. This was *281 followed by a comprehensive statement of the relevant facts and then the award, but no further use was made of the word “jurisdiction.”
As we have seen, the Full Commission 'thought that the deputy, although he did not specify that the contract was made in this State, nevertheless had reached findings of fact “indicating that he [considered] the employer to have waived the jurisdictional question” or, at least, to have become “estopped to raise” it.
The Commission stated quite properly the general rule that jurisdiction over subject matter cannot be vested by agreement or acquiescence and may be questioned at any stage of proceedings. Inasmuch as the element of employment in Florida had not been shown, the Commission reasoned the jurisdiction did not attach, and since jurisdiction could not be • conferred, there was no power on the part of the Commission in Florida to act, therefore, as a matter of law the order requiring the furnishing of further medical treatment should be reversed and the cause should be •dismissed.
The Commission noted other errors such as quotation from a report which had not ’been introduced and the claim for chiropractic treatment which had not, according to the record, been requested. But the pivotal points were, first, the place of employment and, second, the estoppel on the ■part of emploji-er and carrier.
The question projected here embraces ‘both phases. The petitioner asks whether or not the Florida Industrial Commission lhad jurisdiction and respondents “are es-topped to claim otherwise * *
There can be no doubt the Florida In- • dustrial Commission had the power to entertain such a case, that is, one involving injury to a workman, compensation for his ’loss and medical treatment for the damage '•to his body. That is the very purpose of the law creating it. Subject matter of such a •sort is inexorably within the province of the Commission to determine. Plainly the ‘Commission had the power too, to decide the disputed point whether or not the contract was made in Florida.
In deciding the merits of the deputy’s order, we think the Full Commission adopted too strict a construction of Sec. 440.09, supra, and, especially, too technical an application of the term “jurisdiction,” when it frowned on the deputy’s “indicating” jurisdiction had been waived without specifying whether the contract was made in Florida or Missouri. The reasoning of the Full Commission was, as we will presently write, that the case of the claimant should fall because of lack of the prerequisite relative to place of contract and that waiver or estoppel could not work to his advantage. In sum, according to the Commission’s view, the Commission was devoid of power because of this deficiency and no conduct on the part of employer and carrier could excuse it. The statute does not expressly deal with jurisdiction. It provides simply that if an accident occurs and the worker is employed “elsewhere than in this state, which would entitle him * * * to compensation if it had happened in this state” he shall be entitled to compensation on certain conditions, namely, if the contract was made here and the employer’s place of business is here or the residence of the employee is here. So the gist of the act is the entitlement to compensation not the power of the Florida Industrial Commission to act, and being such the condition relative to the place where the contract was finally made is one which could be waived and one to present which the employer could become estopped.
The word “jurisdiction” which, is not used in the section, cannot be considered as synonymous with “entitlement to compensation,” and then given such an absolute connotation that it cannot be said that the employer and carrier could not by their actions become, estopped to challenge, belatedly, the power of the Commission to enforce continuance of the compensation they had originally paid without protest.
*282 In all the circumstances we have recounted and in view of the true intent and purpose of the Law, upon which we have often remarked, we think the claimant was entitled to compensation and benefits under the jurisdiction of Florida Industrial Commission. Inasmuch as he was serving an industry in this State when hurt, our conclusion that in this State the burden should be borne does not seem to work any injustice. Mobile Elevator Co. et al. v. White et al., Fla., 39 So.2d 799.
It seems to us the problem was more nearly one of venue than power to act with reference to the subject matter. It is to us incongruous that the carrier and employer could recognize the claim for the lengthy period we have described and then upon demand for further benefits successfully claim at that late date that, after all, there was no power in the Commission to act.
We repeat for emphasis that the pivotal determinative point in this case arose from the finding of the Commission that the deputy erred as a “matter of law” in finding “that Florida [had] jurisdiction of the ‘subject matter’” and therefore that his order should be reversed.
We have not ignored or overlooked the cases of this court in which there is some indication at least that observance of the conditions in the section is indispensable to jurisdiction. In the first of the three of these we have been able to locate, Forehand v. Manly et al., 147 Fla. 287, 2 So.2d 864, it was written in the opinion on petition for rehearing that the court had not discovered in the record testimony that the contract of employment “was made * * * within the State of Florida” and “that the Industrial 'Commission of Florida [had] jurisdiction of the controversy.”
True, the issue was whether the contract of employment had been entered in Georgia or Florida and the court concluded that it had been made in Florida so this led to the statement we have quoted. But the precise problem was not the same as the one with which we deal. There was no question oi estoppel or waiver, hence no occasion to decide that the word “jurisdiction” should be given the strict definition in a compensation case which the Full Commission attributed to it in the instant controversy.
Parenthetically, before we examine the other two opinions to which we have alluded we draw attention to one in which the meaning of “jurisdiction” was shown not to have a literal meaning in all events.. In Malone v. Meres, 91 Fla. 709, 109 So. 677, for instance, this court observed there was a clear distinction between the term “ ‘jurisdiction,’ in its strict meaning, and' as generally used in equity jurisprudence.”' Continuing, the court said that “in its strict meaning * * * it imports only the power residing in a court to hear and determine-an action. But, as applied to the power of a court of equity, it is ordinarily used with more limited signification and imports, not the power to hear and decide, but the cases- or occasions when the power will be exercised.”
If the designation can thus be made flexible, as in the cited case, we think there is-as much reason to ascribe to it that characteristic in the instant one, bearing in mind that the word “jurisdiction” does not come from the act itself but from the use of it ini applying the act.
We revert to the remaining two cases of the three just mentioned where the term “jurisdiction” was employed, possibly unfortunately instead of “authority,” a word of slightly gentler connotation. The first of these is Lovejoy Company et al. v. Ackis, 153 Fla. 876, 16 So.2d 297, in which, although, we stated that the circuit court properly answered the question relative to “jurisdiction” of Florida Industrial Commission over a claim we, in discussing the issue, wrote that the disputed “claims were legally presentable here.” (Italics supplied.)
In the next case, Ray-Hof Agencies, Inc. et al. v. Petersen, Fla., 123 So.2d 251, the court dealing with a similar subject did not use tlie word “jurisdiction” in deciding that *283 a contract was made where the last act necessary to complete the agreement was performed although the word “jurisdiction” •does appear in the editorial syllabus.
In fine, we conclude that the Florida Industrial Commission had authority to adjudicate the claim in the circumstances we 'have recounted, that this authority was not so circumscribed that the Commission was powerless, in the absence of a showing that the contract was completed within Florida, that no estoppel or waiver could arise.
We think that the deputy commissioner was right so the order of the Full Commission is quashed with directions to proceed in accordance with the views we have ■expressed.
TERRELL, Acting Chief Justice, .and DREW, THORNAL and HOBSON •(retired), JJ., concur.