(No. 41297.—

McLAIN DRAY LINES *et al.,* Appellees, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(George Richard Long, Appellant.)

*Opinion filed January 29, 1969.*

WILLIAM J. CATENA and JOHN J. SULLIVAN, both of Chicago, for appellant.

VAN DUZER, GERSHON, JORDAN & PETERSEN, of Chicago, (JOHN B. VAN DUZER and HORACE W. JORDAN, of counsel, ) for appellees.

Mr. JUSTICE WARD delivered the opinion of the court:

The appeal here by George Richard Long, a resident of Indiana, is from an order of the circuit court of Cook County reversing an award of compensation to him by the Industrial Commission for injuries suffered in Illinois while driving a truck for his employer, McClain Dray Lines, an Indiana firm. The question which emerges, as will be seen, is whether there existed a sufficient connection between this State and the particular employment relationship to vest the Industrial Commission of Illinois with jurisdiction of the matter.

In 1951, in Kokomo, Indiana, Long began his employment with appellee McClain Dray Lines, hereafter called the Company, as a truck driver. He operated out of the Company's Kokomo terminal and was primarily under the direction and supervision ·of the Kokomo terminal manager. The Company also maintained terminals in Muncie, Richmond, Anderson, Peru and Marion, Indiana, where its home office was located, and in Chicago and Cin-

cinnati. Long testified that his job was to transport freight from Indiana to the Company's Chicago terminal, and at times directly to a consignee in Chicago. At the Chicago terminal, or sometimes at another point in Chicago, he would pick up a loaded trailer and haul it to one of the Indiana terminals, usually to the one in Kokomo. He testified that there would sometimes be a layover for as long as 15 hours between the delivery and pickup in Chicago, and it appears from his testimony that the dispatcher at the Chicago terminal would sometimes be the one to direct and route him on his return trip to Indiana.

On October 6, 1960, Long left the Kokomo terminal under orders from his supervisor at Kokomo to drive a truck to the Chicago terminal and there pick up a specified trailer at that terminal and return with it to Kokomo. However, while driving in Chicago enroute to the Company's facility he was involved in an accident in which he sustained injuries.

The right of Long to proceed under the Indiana Workmen's Compensation Act is not disputed, but the Company does deny that he is eligible for benefits under the Act of Illinois.

We judge that the question is governed by this court's decision in *Arnold* v. *Industrial Com.*, 21 Ill.2d 57. In that case, the claimant, a resident of Alabama, had suffered an injury while driving a truck in Illinois for his employer, whose place of business was in Alabama. We viewed the issue as "whether an injury incurred in Illinois is compensable under the act where the parties are nonresidents of this State, the employer's place of business is located outside this State, and no contract of employment was made here." We stated *inter alia*: "That the act was not intended to cover nonresident employees of foreign employers (unless the contract of employment is made here) is \* \* \* indicated by the nature of the remedy itself. The liability of the employer under workmen's compen-

sation acts is not a tort liability but is an obligation imposed as an incident of the employment relationship, the cost of which is to be borne by the business enterprise. (See *Alaska Packers Ass'n.* v. *Industrial Accident Com.*, 294 U.S. 532, 541, 79 L. Ed. 1044; *Keller* v. *Industrial Com.*, 350 Ill. 390, 397.) Such legislation is designed to afford employees and their dependents a measure of financial protection, and is sustained under the police power as a regulation of the master-servant relationship. (See *Grasse* v. *Dealer's Transport Co.*, 412 Ill. 179, 190-191.) It is evident, therefore, that in determining whether the act applies, the presence of some connection between Illinois and the employment relationship, rather than the mere situs of the injury, is the significant factor. *Kennedy-VanSaun Manufacturing and Engineering Corp.* v. *Industrial Com.*, 355 Ill. 519, (by implication.)" (21 Ill.2d at 61.) The court characterized the employee Arnold's truck-driving presence in Illinois as being merely transitory. It concluded that the Industrial Commission had correctly dismissed the employee Arnold's application for want of jurisdiction, because Illinois did not have a substantial connection with and interest in the particular employment relationship or the incidents of it.

The situation here closely resembles in its essential aspects that of the *Arnold* case. Long is a resident of Indiana and the Company's principal place of business is in Indiana. His contract of employment was entered into in Indiana and it is clear that the employment relation was centered there. He worked out of Kokomo and in testimony referred to Kokomo as his home terminal. Although his employment required regular travel to Illinois, these trips involved simply the discharge of freight at the Company's terminal in Chicago and the picking up of merchandise for delivery to Indiana. Long did not perform any other duties in Illinois. He submitted his time and trip records to Kokomo and was paid in Kokomo. Deductions were taken from his

wage checks to cover Indiana taxes and to cover his dues for a Kokomo local of his union. We do not consider that Illinois, from fortuitously being the situs of the injury, had a substantial connection with and interest in the employment relationship between Long and the Company.

Because of our application of the *Arnold* holding (21 Ill.2d 57) to the question before us, we need not examine the view expressed by this court in *Cole* v. *Industrial Com.* (1933), 353 Ill. 415, which denied a claimant access to the Industrial Commission of Illinois on the basis of the full-faith-and-credit provision of the United States constitution. To be specific, we consider it to be unnecessary to judge whether this court's judgment in *Cole* has been invalidated by the Supreme Court's decisions in *Pacific Employers Insurance Co.* v. *Industrial Accident Com.* (1939), 306 U.S. 493, 83 L. Ed. 940, 59 S. Ct. 629; *Carroll* v. *Lanza* (1955), 349 U.S. 408, 99 L. Ed. 1183, 75 S. Ct. 804. See also, *Industrial Com.* v. *McCartin* (1947), 330 U.S. 622, 627, 628, 91 L. Ed. 1140, 1143, 1144.

We judge that the Industrial Commission of Illinois was without jurisdiction of the cause. Accordingly, the judgment of the circuit court of Cook County reversing the decision of the Industrial Commission which awarded compensation is affirmed.

*Judgment affirmed.*