ADKINS, Justice.
The central question in this case involves the dismissal of claimant’s claim for compensation in Florida, on grounds that another claim for compensation was pending in another state even though the claim in the sister state was dismissed before entry of the order dismissing the claim in Florida. In effect, the claimant is left without a forum from which to seek compensation for her injuries. The Judge of Industrial Claims in Florida dismissed claimant’s claim, and his order was affirmed by the Industrial Relations Commission. Claimant sought writ of certiorari in this Court to review the orders of the Judge and Commission.
The pertinent facts are these: Claimant sustained injury due to an accident which it *16 is alleged occurred during the course of her employment as an air line stewardess. The accident allegedly occurred during a flight from Florida to New York, while the plane was over South Carolina and hit an air pocket.
Claim for compensation in Florida was filed September 24, 1968. Notice to controvert was filed on a number of grounds relating to merit and rules. The employer then moved to dismiss the Florida claim, contending that
“[T]he claimant is presently proceeding in a claim for workmen’s compensation benefits against Eastern Air Lines in the State of New York and has recovered certain benefits in connection with such claim and has additional claim for further benefits still pending in said jurisdiction and having elected to proceed in New York, the State of Florida should not take jurisdiction until the present litigation is concluded.”
Counsel for claimant replied that
“[T]he New York State proceeding has now been terminated by request of my client and that it is not proceeding in any shape, manner or form at this time.”
At the first compensation hearing January 17, 1969, a dispute arose as to whether the New York action actually had been dismissed. Claimant’s counsel insisted that it had been, because both the claimant and counsel had requested discontinuance in New York. Respondent’s counsel insisted that his evidence showed that New York State had not acted to discontinue the claim proceeding, and that until discontinued it was still open. The Judge' elected to abate the proceeding and his ruling on the motion to dismiss pending determination of the status of the New York claim.
The hearing was resumed April 11, 1969. Respondent’s counsel offered a document showing that the New York claim was still open on January 28, 1969,- after the first hearing. Claimant offered a copy of the order of the Workmen’s Compensation Board dismissing the claim in New York, March 17, 1969, on request of claimant and her attorneys.
Documents in the record show that at the time the claimant was attempting to secure discontinuance of the New York proceeding in order to be able to proceed with her claim in Florida, New York counsel for the respondent was actively resisting discontinuance of the proceeding there, arguing that New York should take no action while the claimant’s Florida case was unresolved. In other words, respondent was arguing in two states that neither should proceed to act pending action by the other.
At urging of claimant’s counsel and over objection of the respondent, the New York Board closed the case in order to permit claimant to proceed in Florida. The Judge of Industrial Claims then dismissed claimant’s claim in Florida, on grounds that at the time the Florida claim was filed and at the time of original hearing, the New York claim had still been open. The Industrial Relations Commission affirmed.
As a result, claimant is left without a remedy or a forum in either state.
Fla.Stat. Ch. 440, F.S.A., provides the necessary law to resolve the dispute. This case is governed by that portion of Fla.Stat. § 440.09(1), F.S.A., which provides:
“Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation, if the contract of employment was made in this state, and if the employer’s place of business is in this state or if the residence of the employee is in this state, provided, his contract of employment was not expressly for service exclusively outside of the state; provided, however, that if an employee shall receive compensation or damages under the laws of any other state, nothing herein *17 contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein,”
A clear interpretation of this statute reveals that it is intended to secure compensation for persons hired or residing in Florida, and that they shall be entitled to recover total compensation in all forums up to the maximum amount which might be obtained by proceeding in Florida alone. The implication of the language is clear that an employee is permitted to seek recovery in more than one state, but may not recover additional benefits in Florida if benefits already received equal what could have been recovered in Florida. Equally obvious is the legislative intent that persons in whom Florida has an interest should be compensated in the amount deemed desirable in this State, regardless of the fact that another state also may have an interest in the outcome of their case.
This is a simple case of an injury allegedly compensable under the policy of Florida as embodied in Florida law for the protection of persons in whom the State of Florida has an interest. The only pertinence which compensation proceedings in another state may have is concerned with offsetting the amount of benefits received so that total benefits do not exceed what might have been awarded in a Florida forum. So long as this limitation on recovery is observed, it is of no importance what the stage of proceedings may be in another state. See Butler v. Allied Dairy Products, Inc., 151 So.2d 279 (Fla.1963); Forehand v. Manley, 147 Fla. 287, 2 So.2d 864 (1941).
It is not the decision of this Court that a claimant is entitled to maintain simultaneous actions for compensation in Florida and another state, that question not being presented in this case. However, it was error to dismiss the claim in this case, when no other proceeding was open at the time of the Judge’s order, resulting in denial of a forum to the claimant.
The order of the Industrial Relations Commission affirming the Judge of Industrial Claims is quashed. This cause is remanded for further proceedings consistent with this decision.
It is so ordered.
ERVIN, C. J., DREW and BOYD, JJ., and SPECTOR, District Court Judge, concur.