309 So.2d 35 (1975)
CARRIERS INSURANCE COMPANY, Appellant,
v.
Thomas G. LEROY and Gladys Leroy, Appellees.
No. 74-780.
District Court of Appeal of Florida, Third District.
February 11, 1975.
Rehearing Denied March 26, 1975.
*36 Underwood, Gillis, Karcher, Reinert & Gordon, Miami, for appellant.
Podhurst, Orseck & Parks, Colson & Hicks, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HAVERFIELD, Judge.
Appellant-lienor appeals the trial court's order awarding the appellant zero as an equitable distribution.
Plaintiff-appellee, Thomas LeRoy, a truckdriver, was in the employ of R.L. Jeffries Trucking Company, Inc., when he was injured on April 17, 1972 while unloading a truck at the Port of Miami, Miami, Florida. Plaintiff's employer is an Indiana company and plaintiff, an Indiana resident filed a claim for workmen's compensation benefits in Indiana on June 8, 1972. Appellant herein, Carriers Insurance Company accepted the accident as compensable and entered into an agreement with plaintiff-appellee wherein plaintiff agreed to receive workmen's compensation benefits under Indiana law which, inter alia, provides for the creation of a lien in favor of the appellant upon any settlement, award or judgment out of which the plaintiff might be compensated from a third party.[1]
Thereafter, plaintiff, joined by his wife, filed suit against the third party tortfeasors. Appellant, the workmen's compensation lienor, actively participated therein. Plaintiffs ultimately settled this lawsuit for $175,000.00. Subsequent thereto, in September, 1972 plaintiff filed an order of dismissal of his Indiana claim pursuant to which appellant lienor had paid out $29,471.23 in benefits and then filed a claim for further benefits under the Florida Workmen's Compensation law. Appellant, in January, 1974 accepted the Florida claim as compensable. On February 6, 1974, plaintiff filed a petition for equitable distribution and a hearing was held thereon at which appellant argued that Indiana law should be applied in determining the extent of its subrogation interest for the amounts paid under the Indiana claim which law requires full reimbursement of all amounts paid thereunder, less pro rata share of attorney's fees and costs. The trial judge ruled that Florida law and not Indiana law was applicable and thereupon entered his order directing that plaintiff, Thomas LeRoy pay appellant the sum of zero dollars as an equitable distribution of the proceeds of the $175,000.00 settlement. This appeal followed. We reverse the trial court's order.
*37 It is well established that matters bearing upon the execution, validity, interpretation and obligations of contracts are determined by the laws of the situs where the contract is made and when a suit is brought on a contract in a jurisdiction other than the one which governs the rights and obligations thereunder, a right lawfully vested under the law of the latter jurisdiction may not be ignored by the forum if that state had no significant connection with the contract obligations; rejection of such rights is a deprivation of due process of law. Confederation Life Association v. Ugalde, Fla.App. 1963, 151 So.2d 315 at 318. In addition, a court may not depart from the rules of comity, except in certain cases, for the purpose of protection of Florida citizens or for the purpose of enforcing some paramount rule of public policy. Herron v. Passailaigue, 92 Fla. 818, 110 So. 539 (1926).
Reviewing the case sub judice in light of the above principles of law, it is undisputed that plaintiff is an Indiana resident and his contract of employment was entered into in Indiana. Plaintiff initially elected to receive benefits pursuant to the Indiana workmen's compensation law and was receiving those benefits at the time of the settlement of his lawsuit against the third party tortfeasors. Thereafter, plaintiff-appellee filed his order of dismissal of his Indiana claim as the settlement terminated his rights thereunder and then plaintiff filed for compensation benefits under the Florida workmen's compensation law. Thus, at the time of the settlement of plaintiff's action against the third party tortfeasors, appellant's subrogation interest for the amounts paid pursuant to plaintiff's Indiana workmen's compensation claim became vested. Plaintiff being an Indiana resident, there being no paramount rule of public policy and this jurisdiction having no significant connection with the contract obligations, the rules of comity therefore dictate that the Indiana law should govern in determining the extent of appellant's subrogation interests for the amounts paid pursuant to the Indiana claim.
Accordingly, the order herein appealed is reversed and the cause remanded to the trial court for further proceedings consistent herewith.
It is so ordered.
NOTES
[1] Burns' Ind.Stat.Ann. § 40-1213, I.C. 1971, XX-X-X-XX.