154 N.J. Super. 572 (1977)
382 A.2d 62
ANNE M. VEIT. PETITIONER-APPELLANT,
v.
COURIER POST NEWSPAPER, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted December 13, 1977.
Decided December 28, 1977.
*573 Before Judges LYNCH, BISCHOFF and KOLE.
*574 Messrs. Molotsky, Rabkin & Gross, attorneys for appellant (Mr. Donald Schwartz, of counsel and on the brief).
Messrs. Kisselman, Deighan, Montano & Summers, attorneys for respondent (Mr. William W. Summers, of counsel and on the brief).
PER CURIAM.
Petitioner, who was injured while delivering newspapers as a substitute for her ill son, appeals from a denial of compensation. The judge of compensation found that she was a "gratuitous employee" not entitled to compensation, noting that she was not paid for her efforts and was motivated solely by maternal kindness.
It is undisputed that petitioner's son was an employee of respondent. Petitioner's undisputed proofs also established that it was a standard practice, encouraged by respondent, for newsboys who could not complete their appointed rounds to engage a substitute. Two other mothers who had acted as substitutes testified for petitioner. Petitioner testified that she was given her son's papers by respondent's "branch manager." The branch manager's mother, who did most of the hiring of children in his area, testified that respondent was not and did not wish to be notified every time a substitute delivered papers.
It is clear that one who volunteers his services and neither receives nor expects to receive payment is not an employee for workers' compensation purposes. Cerniglia v. Passaic, 50 N.J. Super. 201 (App. Div. 1958); Armitage v. Trustees of Mt. Fern M.E. Church, 33 N.J. Super. 367 (Cty. Ct. 1954): 1A Larson, Workmen's Compensation Law, § 47.41 (1973). However, here petitioner did not volunteer to provide gratuitous services to respondent. She merely substituted for her son, performing the same services at the same expense to respondent. While monetary reward is a necessary component of an employment relationship, that reward need not flow to the person doing the work. See 1A Larson. op. cit., § 47.41 at 8.163. n. 1, and cases cited therein.
*575 Respondent clothed petitioner's son with the authority to engage a substitute. Respondent did not wish to be advised of specific substitutions, which occurred routinely in the course of its business. Respondent had at least implied notice of this particular substitution, as its "branch manager" gave the papers to petitioner. We therefore conclude that an implied contract of employment arose between petitioner and respondent and that she is thus entitled to compensation.
We find it unnecessary to consider petitioner's assertion that respondent should be required to provide compensation under the "emergency services" doctrine.
Lastly, we reject respondent's claim that petitioner was not an employee for workers' compensation purposes because her employment was "casual." N.J.S.A. 34:15-36. Unavailability of newsboys due to illness and other causes was a regular occurrence and the employment of substitutes thus did not constitute casual employment. See Graham v. Green, 31 N.J. 207 (1959).
Reversed and remanded for a determination of nature and extent of petitioner's disability.