214 N.J. Super. 76 (1986)
518 A.2d 500
JUDGE PICKETT, PETITIONER-APPELLANT,
v.
TRYON TRUCKING COMPANY, RESPONDENT-RESPONDENT.
JUDGE PICKETT, PETITIONER-APPELLANT,
v.
OSCAR AUSTIN, RESPONDENT-RESPONDENT.
JUDGE PICKETT, PETITIONER-APPELLANT,
v.
HAROLD KENNEDY, RESPONDENT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 22, 1986.
Decided November 21, 1986.
*78 Before Judges FURMAN, DREIER and SHEBELL.
Edward Slaughter, Jr., argued the cause for the appellant (Pellettieri, Rabstein and Altman, attorneys).
Jeffry A. Mintz argued the cause for respondent Tryon Trucking Company (Mesirov, Gelman, Jaffe, Cramer & Jamieson, attorneys).
Judith A. Bielen argued the cause for the State Workmen's Insurance Fund (Myers, Matteo, Rabil, Pluese & Norcross, attorneys).
No brief was filed on behalf of the respondents Oscar Austin and Harold Kennedy.
The opinion of the court was delivered by FURMAN, P.J.A.D.
Petitioner appeals from dismissal of his workers' compensation petitions after a trial limited to the issues of petitioner's employee status and eligibility for workers' compensation. The dismissal was on the ground that petitioner was an uncompensated volunteer at the time of his accident and injury.
Although Oscar Austin and Harold Kennedy are respondents on the appeal, neither has filed a brief or participated. At oral argument petitioner acknowledged that he was seeking only an adjudication that respondent Tryon Trucking Co. (Tryon) was his employer and liable to him in workers' compensation for a work-connected accident and injury. We reverse and remand.
The workers' compensation judge did not state a fact finding that petitioner was an employee of Tryon while driving a tractor-trailer hauling loads for Tryon. Resolution of that issue was not necessary for dismissal on another ground. But a fact finding of petitioner's status as an employee of Tryon is implicit in his oral opinion. He attached credibility to petitioner's testimony and not to that of Tryon's dispatcher Angelo Spadaccino and terminal manager Carl Rother.
*79 Austin owned the tractor-trailer. He leased it exclusively to Tryon. Tryon certified petitioner as a qualified driver. Only petitioner drove Austin's tractor-trailer for Tryon. Tryon's dispatcher in Morrisville, Pennsylvania, phoned orders to petitioner in Trenton to pick up loads, where to pick them up and where to deliver them. Petitioner was required to be on standby, even without an immediate load to haul. He was barred from hauling for any other carrier except on return trips after delivering a load for Tryon, and then only after first checking with any nearby Tryon terminal for an available return load. A placard with Tryon's I.C.C. license number was posted on the door of the tractor. Tryon advanced funds for fuel and tolls. Tryon made weekly payments to Austin of 75% of the gross payments received by it from customers for deliveries made by petitioner. Austin retained 45% and paid petitioner 30%. Petitioner was subject to suspension or termination by Tryon.
We agree with the workers' compensation judge's evaluation that "this case falls squarely within the four corners of" Tofani v. Lo Biondo Brothers Motor Express, Inc., 83 N.J. Super. 480 (App.Div. 1964). Tofani held that the owner of a tractor who leased it exclusively to a trucking company and drove it himself hauling loads for the trucking company was an employee of the trucking company eligible for workers' compensation, notwithstanding the contract between the parties designating the owner-lessor as an independent contractor.
The critical test according to Tofani is that of right to control the owner-lessor in his role as driver. On the appeal before us, the workers' compensation judge found ample indicia of a right to control by Tryon, including the right to direct where and when petitioner hauled loads, the right to his exclusive services and the right to suspend or terminate him.
Two factual distinctions from Tofani are immaterial. Petitioner was not the owner-lessor, but he stood in the shoes of Austin, to whom, if he had been the driver, Tofani would have *80 applied. Austin neither retained nor exercised any right of control over petitioner's truck driving operations for Tryon. Austin owned both the tractor and the trailer, whereas the owner-lessor in Tofani owned only the tractor and the trucking company owned the trailer. In both cases the trucking company as lessor furnished the tractor. Furnishing of the equipment is one of four factors noted in Tofani at 486 including right to control and right to terminate, "any single one [of which] is virtually proof of the employment relation."
We recognize that the workers' compensation judge stated at the conclusion of his opinion, "... the Court does not consider what the Court's opinion would have been, had Petitioner been paid for his efforts." That comment plainly applies to the services rendered by petitioner at the time of his accident and injury, which the judge below found to be voluntary; in our view it in no way retreats from the implicit fact finding of petitioner's status as an employee of Tryon while driving for Tryon.
The decision below rested on a determination that petitioner was a volunteer and not an employee when injured. We disagree on the record with that determination. Petitioner was dispatched by Tryon to deliver a load in Austin's tractor-trailer from Fairless Hills, Pennsylvania to Jersey City. The tractor engine blew up on the New Jersey Turnpike. The tractor-trailer was towed to New Brunswick. When the breakdown was reported by petitioner to Tryon's dispatcher, the dispatcher told him that he "had to get the load off." Next day petitioner arranged with Kennedy to use Kennedy's tractor. Petitioner was to drive it to New Brunswick, attach it to Austin's trailer with the load in it and deliver the load for Tryon to Jersey City. Tryon approved and prepared new bills of lading in Kennedy's name. Petitioner told Kennedy that he would not want any compensation for delivery of the load.
In New Brunswick petitioner, with the help of Austin and another, disconnected the damaged tractor from the trailer. In *81 the effort to attach Kennedy's tractor to the trailer, petitioner was injured when the trailer slipped off a jack and fell on his ankle.
The judge below relied exclusively upon the circumstance that petitioner was not being paid for his services at the time of his accident and injury. That was error. "Employee" is defined in N.J.S.A. 34:15-36 as one who performs service for an employer for "financial consideration." But the financial consideration need not be paid to the person performing the service, Veit v. Courier Post Newspaper, 154 N.J. Super. 572 (App.Div. 1977).
In this case, unquestionably Tryon's financial and business interests were promoted by petitioner's activities in arranging for Kennedy's tractor to haul Tryon's undelivered load and in attempting to hook it up to the trailer. He was rendering services for Tryon when injured. He had been ordered by Tryon's dispatcher to protect the load. He might have himself paid Kennedy in whole or in part for the loan of his tractor. Instead, he acquiesced in an arrangement for payment by Tryon directly to Kennedy and benefitted from both his release from any obligation to Kennedy and the protection of his own status as a Tryon driver.
Cerniglia v. Passaic, 50 N.J. Super. 201 (App.Div. 1958), and Armitage v. Trustees of Mt. Fern M.E. Church, 33 N.J. Super. 367 (Cty.Ct. 1954), which are cited by Tryon, are distinguishable. In those cases there was no regular employment relationship, as there is here, between the workers' compensation petitioner and the respondent for whom, when injured, the petitioner was performing services without a contractual right to compensation.
On the appeal before us, petitioner's continued employment by Tryon was in jeopardy if he failed to provide for its load in transit. An employee should not be forced to choose, as petitioner was under the holding below, between termination of *82 his employment and forfeiture of his workers' compensation eligibility.
We are mindful that Tryon raises on appeal, although not raised below, the issue that Pennsylvania law should govern under conflict of laws principles. That issue is groundless. New Jersey law governs workers' compensation liability for a work-connected accident occurring in this State, Boyle v. G. & K. Trucking Co., 37 N.J. 104 (1962); see also Parks v. Johnson Motor Lines, 156 N.J. Super. 177 (App.Div. 1978).
We reverse and remand for entry of a judgment imposing workers' compensation liability upon Tryon, in accordance herewith, and for further proceedings to determine the issues of the amount of compensation to be awarded and of workers' compensation insurance coverage.