550 So.2d 134 (1989)
Stephanie JOHNSON, Appellant,
v.
UNITED AIRLINES and the Hartford Insurance Co., Appellees.
No. 88-2979.
District Court of Appeal of Florida, First District.
October 6, 1989.
Rehearing Denied November 13, 1989.
Janis Brustares Keyser, of Reid, Ricca & Rigell, West Palm Beach, for appellant.
Mark L. Zientz, of Williams & Zientz, Miami, for appellees.
WENTWORTH, Judge.
Claimant seeks review of a workers' compensation order by which her claim for benefits was dismissed for lack of jurisdiction. Claimant, a flight attendant with United Airlines, argues that the deputy commissioner erred in finding that her employment was not principally located in the state of Florida, when she has been based in Miami since she began working for United Airlines and all of her flights during the duration of her employment with United Airlines have originated and terminated in Florida. We reverse because we find that the facts support jurisdiction in Florida over the claim.
Claimant has been continuously employed by United Airlines as a flight attendant since 1969. Although claimant's employment contract was entered into in Chicago, Illinois, she has always been based in Miami, Florida, and is assigned to *135 domestic flights which originate in Florida, fly out of this state, and then return to Florida. Such flights often include an overnight layover in another state. Her usual schedule has required her to work three days during the week, with four days off which she spends at her home in Florida. Her work is supervised from Miami, she checks in to work in Miami, and she receives her paychecks in Miami.
Claimant was injured in 1981 while on a layover in Chicago. She contacted her supervisor in Miami immediately after the accident. Her employer's insurance carrier supplied claimant with workers' compensation claim forms in order for her to obtain benefits in Florida. At the time of the hearing claimant had been receiving compensation benefits under the Florida statute for each week that she had not worked since her injury.
Section 440.09(1), Florida Statutes, provides:
Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this state, or the employment was principally localized in this state.
In determining jurisdiction under this statute, it is the principal location of the claimant's employment and not the principal location of the employer's business which is relevant. General Electric v. DeCubas, 504 So.2d 1276, 1277 (Fla. 1st DCA 1986). In finding that claimant's employment was not principally located in the state of Florida, the deputy commissioner here emphasized that the majority of claimant's actual flight time on a typical interstate flight was spent outside the airspace of the state of Florida. In addition, the deputy commissioner considered the fact that most of claimant's flights involved at least one overnight stay in another state. With respect to determining the principal location of her employment, however, the fact that there are intermediate out-of-state stops on these flights is not dispositive. Claimant's base of operations has been in Miami for many years. As noted, she receives her work schedule in Miami and is supervised there. United assigns claimant exclusively to flights which originate and terminate at her home base. We conclude that the cited facts demonstrate that claimant's employment was "principally localized" in the state of Florida at the time of her accident, and she is therefore entitled to compensation under the statute. Section 440.09(1), Florida Statutes. We further conclude that the pendency of a claim for benefits in Illinois does not affect claimant's entitlement to compensation under these circumstances.[1] The deputy commissioner accordingly erred in dismissing the claim for lack of jurisdiction.
The order is reversed and the claim remanded for further consistent proceedings.
NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Section 440.09(1) also provides: "However, if an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein." This section obviously contemplates that more than one proceeding may be pending in some cases. de Cancino v. Eastern Airlines, 239 So.2d 15 (Fla. 1970).