569 So.2d 787 (1990)
Rufus PHILYAW, Appellant,
v.
ARTHUR H. FULTON, INC., Liberty Mutual Insurance Company, and Division of Workers' Compensation, Department of Labor and Employment Security, Appellees.
No. 89-786.
District Court of Appeal of Florida, First District.
October 10, 1990.
Rehearing Denied December 5, 1990.
*788 Edward H. Hurt, Sr., of Hurt & Parrish, P.A., Orlando, and Bill McCabe of Shepherd, McCabe & Cooley, Longwood, for appellant.
Mark A. Massey of Daniel L. Hightower, P.A., Ocala, for appellees Arthur H. Fulton, Inc., and Liberty Mut. Ins. Co.
Ivy Cream Harris, General Counsel's Office, Dept. of Labor and Employment Sec., Tallahassee, for appellee Division of Workers' Compensation.
ZEHMER, Judge.
We review by appeal an order of the judge of compensation claims denying the employee's claim for benefits under the Florida workers' compensation statute for lack of jurisdiction over the parties and subject matter of the claim. The claimant, a resident of Georgia employed as a truck driver working principally out of Georgia and Virginia, sustained an injury while driving his employer's truck in the state of Florida and consequently received workers' compensation benefits under the Georgia statute. We hold that the judge has jurisdiction for the reasons hereafter discussed.
The parties stipulated to the following facts. On January 19, 1988, Rufus Philyaw was injured in an accident arising out of and in the course of his employment while operating a truck and trailer on Interstate Highway I-75 in Ocala, Florida. At the time of the accident, he was a resident of Leesburg, Georgia, and the employer's place of business was located and *789 "principally localized" in Steven City, Virginia. The employment contract was entered into while the claimant resided in Georgia and the employer resided in Virginia. At all times relevant, the claimant's work originated in or was localized in either Virginia or Georgia.
Philyaw filed a claim for all benefits due under chapter 440, Florida Statutes, subject to giving the employer and carrier credit for all workers' compensation benefits paid under the Georgia statute. The judge denied the claim, simply reciting in the order that he "does not have jurisdiction of the parties hereto and the subject matter hereof, in that all employment contracts were made without the State of Florida and the sole connection with Florida was that the Claimant was injured in Ocala, Marion County, Florida." He further concluded that the claimant "is not entitled to any workers' compensation benefits under the Workers' Compensation Act of the State of Florida."
Because the jurisdictional issue presented in this case is not specifically governed by any specific statutory provision in chapter 440 or any decision of the courts of Florida, we directed the Division of Workers' Compensation, as a party respondent to this appeal pursuant to section 440.271, Florida Statutes (1987), to present argument addressing the jurisdictional considerations in the interest of learning, among other things, whether the Division has adopted any policy or followed any particular practice regarding multiple jurisdiction and coverage of accidents occurring in this state to persons employed in other states and covered by another state's workers' compensation laws. The Division appeared and represented that it had no position on the issue, so we decide the case without the benefit of any input from the Division.
The claimant makes the following argument, briefly summarized, in support of his position on this appeal. He begins with the proposition that an employee injured while engaged in his employment within the state of Florida is entitled to benefits under the Florida workers' compensation act irrespective of where the claimant's residence or domicile is located, where the employment contract was made, or where the employer's principal place of business is located. No provision in the Florida act specifically precludes an employee injured while engaged in his employment in this state from recovering benefits under the Florida act because the claimant's domicile or residence is in another state, the contract of employment was made in another state, the principal place of business where the employee works is in another state, or the claimant is only temporarily in this state carrying out the duties of his employment. The claimant points out that Larson lists Florida as one of twenty-two states having workers' compensation laws that cover all in-state injuries. 4 Larson, Workmen's Compensation Law, § 87.13, n. 9 (1989). Likewise, Alpert's treatise on Florida workers' compensation law states that an employee who comes into this state to conduct his employer's business and sustains injuries is entitled to coverage under Florida law. Alpert, Florida Workers' Compensation Law, § 5-1 (4th ed. 1987).[1] The claimant notes that in the case of Carriers Insurance Co. v. LeRoy, 309 So.2d 35 (Fla. 3d DCA 1975), an Indiana resident employed by an Indiana company received workers' compensation benefits under the Florida statute when he was injured in a trucking accident in Florida.[2] Similarly, in Mobile Elevator Company v. White, 39 So.2d 799 (Fla. 1949), an employee working in Florida for an Alabama corporation that had no office or place of business in Florida was *790 nevertheless held entitled to benefits under the Florida act.[3] The claimant also explains that the United States Supreme Court and various state courts have held that a state has jurisdiction to award workers' compensation benefits to an employee injured within its boundaries irrespective of whether the employee is a resident of another state, the employer had offices in another state, the contract of employment was entered into in another state, and workers' compensation benefits may be recovered under the law of another state, citing among other cases, Pacific Employers Ins. Co. v. Industrial Accident Comm'n, 306 U.S. 493, 59 S.Ct. 629, 83 L.Ed. 940 (1939); Roynon v. Janet's Cleaning Service, 70 Md. App. 554, 521 A.2d 1271 (1987); Pickett v. Tryon Trucking Co., 214 N.J. Super. 76, 518 A.2d 500 (1986); Banks v. Carl Ott Pole and Piling, 440 So.2d 803 (La. App. 1983); and Burns v. Transcon Lines, 92 N.M. 791, 595 P.2d 761 (App. 1979). The claimant refers to policy reasons such as those mentioned in Pacific Employers concerning the interests of persons other than the employee, employer, and carrier that are usually implicated in workers' compensation claims, i.e., hospitals and physicians providing medical care in Florida that might be compelled to go to a foreign state to get paid, and witnesses to the accident in Florida.[4] The claimant cites de Cancino v. Eastern Air Lines, 239 So.2d 15 (Fla. 1970), for the proposition that the Florida act recognizes that a claimant, as the result of a single industrial accident, may have a workers' compensation claim in more than one state and may seek recovery in more than one state, although the employee may not recover additional benefits in Florida if the benefits already received in another state equal or exceed what could have been recovered in Florida. Therefore, claimant concludes, Florida clearly recognizes jurisdiction of the claim in the circumstances of this case, and the judge erred in denying his claim for lack of jurisdiction.
The employer and carrier argue, of course, that the order below is without error. They contend that there is no basis in Florida law or public policy for granting jurisdiction in this case. They rely primarily on the absence of statutory language in the Florida act explicitly providing for dual jurisdiction in these circumstances, contrasting this absence of statutory provision with the explicit provisions in section 440.09(1) covering claimants employed in Florida and injured out of state. The employer and carrier point to a number of cases from other states that have sustained jurisdiction of such duplicate claims based on explicit jurisdictional language in the workers' compensation statute, including cases cited by the claimant that they distinguish for this reason. They cite to diverse cases from other states that have, for various reasons, declined to entertain a second workers' compensation proceeding when the claimant is covered under the laws of his "home state" or another state having jurisdiction, or the claimant has perfected a claim in such other state. E.g., Security Insurance Group v. Plank, 133 Ga. App. 815, 212 S.E.2d 471 (Ga.Ct.App. 1975); Millican v. Liberty Mutual Ins. Co., 224 Tenn. 604, 460 S.W.2d 842 (1970); Kelsall v. Riss & Co., 165 S.W.2d 329 (Mo. 1942); Arnold v. Industrial Commission, 21 Ill.2d 57, 171 N.E.2d 26 (1960); McClain Dray Lines v. Industrial Commission, 41 Ill.2d 554, 244 N.E.2d 169 (1969); De Gray v. Miller Bros. Const. Co., 106 Vt. 259, 173 A. 556 (1934). The employer and carrier argue that the Georgia workers' compensation statute expressly provides that the rights and remedies granted to an employee *791 by that statute shall exclude all other rights and remedies of the employee at common law or otherwise, citing section 34-9-11 of the Georgia Code, and contend that this provision means that the Georgia act provides a remedy that excludes the remedies that might otherwise be available under the Florida workers' compensation act.[5] The employer and carrier discount the claimant's policy arguments concerning Florida health care providers and witnesses, urging that no disputes are present in this case involving the provision of health care in Florida or the circumstances of the accident requiring the testimony of Florida witnesses. For these reasons, they conclude that the order denying jurisdiction should be affirmed.
Both appellant and appellees have carefully analyzed many state and federal cases cited in their briefs, and it will serve no useful purpose for us to repeat a detailed analysis in this opinion. Suffice it to say that all of the cited cases are distinguishable from this case on the facts and statutory provisions involved for one reason or another, although many of the cases do provide good policy reasons in support of the parties' respective positions. We conclude, however, that the employer and carrier's argument has confused the concept of jurisdiction in the sense of the power of the workers' compensation tribunal to act in this case with the concept of discretion, in the sense of a forum non conveniens statute, to exercise or not to exercise that jurisdiction once it has been invoked by a party. It is clear from the appealed order that the judge of compensation claims concluded that he had no power to act on the instant claim. This ruling was erroneous because the Florida tribunal has jurisdiction under chapter 440 to entertain this claimant's claim and there is no provision in chapter 440 authorizing a judge of compensation claims to decline to exercise that jurisdiction for discretionary reasons, as the following analysis of chapter 440 demonstrates.
Section 440.10(1), Florida Statutes (1987),[6] establishes the basic liability for workers' compensation, and provides that "every employer coming within the provisions of this chapter ... shall be liable for, and shall secure, the payment to his employees, or any physician, surgeon, or pharmacist providing services under the provisions of s. 440.13, of the compensation payable under §§ 440.13,[7] 440.15,[8] and 440.16."[9] This section thus requires a determination of what is meant by employer and employee, and what gives rise to the employee's entitlement to receive the compensation benefits described, i.e., coverage under the act.
Section 440.02(12) defines employer as including "every person carrying on any employment... ." While the statute does not specify where the employment must be carried on, obviously it includes carrying on employment within the state of Florida. It also contemplates employment being carried on outside of Florida in some instances. See section 440.09(1), discussed below. This definition of employer is not explicitly restricted to employers in Florida but contemplates that non-Florida employers carrying on business activities in Florida that qualify as "employment" may become subject to the act.
Employment is defined in section 440.02(13)(a) as meaning "any service performed by an employee for the person employing him" who is not otherwise explicitly excluded from coverage. Subsections 440.02(13)(b)-(c) describe certain services that are specifically included or excluded from this definition. The statute does not specify where this service must be performed *792 by the employee. While the Florida act obviously covers a service performed in Florida, coverage under the act is not limited to services performed in Florida. To this extent, a service performed outside the state of Florida may give rise to coverage under the Florida act, but a claim for benefits under the Florida act is enforceable only in a Florida workers' compensation tribunal.
Employee is defined in section 440.02(12)(a) as "every person engaged in any employment under any appointment or contract of hire or apprenticeship, expressed or implied, oral or written... ." Subsections 440.02(12)(b)-(d) describe persons specifically included or excluded from the definition of employee. This section does not specify that, to meet the definition of employee, the contract of employment must be made in Florida, that the person must be a resident of Florida, or that the person must be principally working out of the state. Rather, the significant provision in this definition is that a person must be "engaged in any employment," i.e., performing a service covered by the act, to be an employee.
Section 440.09(1) defines coverage under the act in broad, general language: "Compensation shall be payable under this chapter in respect of disability or death of an employee if the disability or death results from an injury arising out of and in the course of employment." "Injury" is defined in section 440.02(16) as "personal injury or death by accident arising out of and in the course of employment... ." Again, it is obvious that the act covers accidents and injuries arising out of and in the course of employment in the state of Florida.
Section 440.09(1) also extends coverage under the Florida act in certain circumstances to injuries occurring outside the state of Florida:
Where an accident happens while the employee is employed elsewhere than in this state, which would entitle him or his dependents to compensation if it had happened in this state, the employee or his dependents shall be entitled to compensation if the contract of employment was made in this state, or the employment was principally localized in this state. However, if an employee shall receive compensation or damages under the laws of any other state, nothing herein contained shall be construed so as to permit a total compensation for the same injury greater than is provided herein.
This section has been construed in several cases. It is now settled that the principal location of the claimant's employment, not that of the employer, is the relevant consideration. General Electric v. DeCubas, 504 So.2d 1276 (Fla. 1st DCA 1986). Similarly, the pendency of a workers' compensation proceeding in another state involving the same injury as that made the subject of a claim under the Florida act does not defeat the Florida tribunal's jurisdiction. Johnson v. United Airlines, 550 So.2d 134 (Fla. 1st DCA 1989). As the supreme court made clear nearly twenty years ago in de Cancino v. Eastern Air Lines, 239 So.2d 15 (Fla. 1970):
A clear interpretation of this statute reveals that it is intended to secure compensation for persons hired or residing in Florida, and that they shall be entitled to recover total compensation in all forums up to the maximum amount which might be obtained by proceeding in Florida alone. The implication of the language is clear that an employee is permitted to seek recovery in more than one state, but may not recover additional benefits in Florida if benefits already received equal what could have been recovered in Florida. Equally obvious is the legislative intent that persons in whom Florida has an interest should be compensated in the amount deemed desirable in this State, regardless of the fact that another state also may have an interest in the outcome of their case.
This is a simple case of an injury allegedly compensable under the policy of Florida as embodied in Florida law for the protection of persons in whom the State of Florida has an interest. The only pertinence which compensation proceedings in another state may have is concerned with offsetting the amount of benefits received so that total benefits do not exceed what might have been awarded in a Florida forum. So long as this limitation on recovery is observed, it is of *793 no importance what the stage of proceedings may be in another state.
Id. at 17. It is abundantly clear, therefore, that the public policy of Florida, as described by the supreme court, is to permit a person in whom the state has a sufficient interest to pursue a workers' compensation claim in Florida as well as in another jurisdiction to recover up to the total amount of benefits authorized by the Florida law.
Thus, the critical consideration in the instant case is whether the State of Florida has evidenced through the language of the workers' compensation act a sufficient interest in a person injured under the circumstances of claimant's injury to accord him the full protection of the Florida act. We believe so. Neither the definitional provisions in section 440.02 nor the sections establishing coverage and liability contain any limitations on the right of a person injured in the course and scope of his employment while performing a service for the employer in Florida to maintain a claim under the Florida act. In other words, the fact of the occurrence of the injury in Florida is a sufficient state interest for coverage to exist under the Florida act. We deem it significant that the only provision in chapter 440 imposing specific restrictions or qualifications on the entitlement to benefits are those relating to injuries that occur outside the state pursuant to section 440.09(1). Only in that specific circumstance is the place of making the contract or the principal localized place of employment an essential consideration. The omission of similar qualifications in the other definitional provisions is most persuasive of legislative intent that no such qualifications affect coverage if the accident or injury occurs within the state of Florida.
Additionally, chapter 440 specifically creates liability on the part of the employer directly to "any physician, surgeon, or pharmacist providing services" to an employee injured in Florida, section 440.10(1), and such health care providers can expect to receive payment for their services in accordance with the provisions of section 440.13 and the appropriately adopted schedules. These professionals are not required to look to another state's law and forum that may provide a payment schedule less than does Florida law for their services. Payment to them should not have to be delayed pending resolution of the issue of which state has the more significant contacts with the claimant and the employer. This also gives rise to a significant state interest that is sufficient to support the application of the Florida act in the circumstances of this case. See Pacific Employers Insurance Co. v. Industrial Accident Commission, supra.
We recognize that the maintenance of simultaneous actions for workers' compensation benefits in two different states can lead to unnecessary expense and potentially differing results. However, this record does not reflect the status of the Georgia workers' compensation proceeding other than the representation in the claim offering to set off all benefits recovered in Georgia against Florida benefits. Thus, as did the supreme court in de Cancino, we do not decide that the claimant is entitled to proceed with the two actions simultaneously. We do note, however, that where two actions are pending it may be appropriate to abate one until the resolution of the other; but certainly it is not appropriate to dismiss the claim with prejudice for this reason alone.
We hold that the occurrence of the claimant's injury in Florida gave rise to a sufficient state interest under the Florida Workers' Compensation Law to empower the judge of compensation claims to adjudicate his claim in this case. There is no provision in chapter 440 in the nature of a forum non conveniens statute that would permit a judge of compensation claims otherwise having jurisdiction to dismiss the claim in deference to the more substantial contacts the claimant and the employer may have with another state. The order of dismissal is reversed and the cause is remanded for further proceedings on the claimant's claim.
REVERSED AND REMANDED.
ERVIN and NIMMONS, JJ., concur.
NOTES
[1] The treatise states:

When an accident occurs within Florida injuring an employee who has come into the state on his employer's business and who is in the course and scope of his employment when the accident occurs, our extra-territorial section does not apply. The employee is entitled to coverage under Florida law. Not dispositive of this point but of interest is Carriers Insurance Co. v. LeRoy, 309 So.2d 35 (Fla. 3d DCA 1975).
Alpert, Florida Workers' Compensation Law, § 5-1 (4th ed. 1987).
[2] Parenthetically, we note that no jurisdictional issue was raised or decided in that case, so it does not answer the question before us.
[3] The decision in Mobile Elevator Company is factually distinguishable and also does not answer the question presented to us. It is some evidence of prior treatment of a somewhat analogous situation, however.
[4] The claimant quotes from Pacific Employers the following discussion of California's policy to apply its own act to injuries sustained by out-of-state employees temporarily in that state:

It would be obnoxious to that policy to deny persons who have been injured in this State the right to apply for compensation when to do so might require physicians and hospitals to go to another State to collect damages for medical care and treatment given to such persons.
306 U.S. at 504, 59 S.Ct. at 634.
[5] We do not agree with this construction of the Georgia statutory provision. Inclusion of the words "or otherwise" obviously has reference to other statutory or similar remedies in addition to common law tort remedies.
[6] All references in this opinion are to Florida Statutes (1987) unless otherwise indicated.
[7] This section covers the obligation to provide medical services and supplies.
[8] This section covers the obligation to provide compensation for disability.
[9] This section covers the obligation to provide compensation for death.